Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| YESENIA FELICIANO CHÁRRIEZ<br>Apelante | | *Apelación,* procedente del Tribunal de Primera Instancia, Sala de Caguas |
|---|---|---|
| JOSÉ JAVIER SERRANO GONZÁLEZ<br>Apelado | KLAN202400126 | Caso Civil Núm.:<br>E DI2019-0162<br><br>Sobre:<br>Divorcio |
| *EX PARTE* | | |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres, la Jueza Rivera Pérez y el Juez Campos Pérez

Rivera Pérez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de marzo de 2024.

Comparece la Sra. Yesenia Feliciano Chárriez (en adelante, Sra. Feliciano Chárriez) mediante un recurso de apelación y una moción en auxilio de jurisdicción y nos solicita la revisión y paralización de los efectos de un dictamen emitido el 4 de diciembre de 2023 y notificado el 13 de diciembre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Caguas (en adelante, TPI). Mediante este dictamen, el TPI ordenó a la Administración para el Sustento de Menores (ASUME) el cierre del caso, dando por terminada la obligación del Sr. José Serrano González (en adelante, Sr. Serrano González) de pagar alimentos a favor de sus hijas.

Además, la Sra. Feliciano Chárriez nos solicita la revisión de una *Orden* emitida por el TPI en la misma fecha, reducida a escrito el 21 de diciembre de 2023, y notificada el 12 de enero de 2024, mediante la cual se ordenó a la ASUME la paralización del pago de la pensión alimentaria debido a que ninguno de los padres tenía la custodia de sus hijas.

Por los fundamentos que expondremos, se revocan el dictamen y orden apelada.

Número Identificador

SEN2024_____

**I**

El 14 de octubre de 2009, las partes presentaron ante el TPI una petición de divorcio por consentimiento mutuo, en la cual expresaron su voluntad de divorciarse.[1] En la petición, las partes incluyeron estipulaciones con relación a la disposición y liquidación de los bienes y deudas gananciales, y la custodia, patria potestad, y pensión alimentaria de sus dos (2) hijas A.S.F y S.S.F., quienes en ese entonces eran menores de edad.[2]

El 29 de octubre de 2009, el TPI dictó *Sentencia* declarando roto y disuelto el vínculo matrimonial habido entre las partes y acogiendo las estipulaciones incluidas en la petición de divorcio.[3] En lo pertinente a la controversia ante nuestra consideración, el TPI le concedió la custodia de las menores a la Sra. Feliciano Chárriez y la patria potestad a ambos padres. Además, estableció cómo se llevarían a cabo las relaciones paternofiliales, y fijó en $1,082.56 mensuales la pensión alimentaria que el Sr. Serrano González debía pagar a favor de sus hijas.

El 7 de febrero de 2018, se celebró una vista sobre revisión de pensión ante la Examinadora de Pensiones Alimentarias (EPA) a solicitud del Sr. Serrano González.[4] Durante la vista, las partes llegaron a varios acuerdos con respecto a la pensión alimentaria de sus hijas. Entre estos, acordaron que el Sr. Serrano González pagaría una pensión alimentaria de $498.00 bisemanales a través de ASUME, la cual sería retenida de sus ingresos; sufragaría el 66.49% de sus gastos escolares y gastos médicos no cubiertos, y les proveería plan médico. El TPI le impartió su aprobación a este acuerdo y, el 9 de febrero de 2018, emitió una *Resolución y Orden* conforme a sus términos.[5]

---

[1] Apéndice del *Recurso de Apelación*, págs. 18-21.
[2] A.S.F nació el 6 de marzo de 2001 y S.S.F. nació el 1 de marzo de 2005.
[3] Apéndice del *Recurso de Apelación*, págs. 16-17.
[4] Apéndice del *Recurso de Apelación*, págs. 22-23.
[5] *Íd.*

Luego de varios incidentes procesales, el 10 de julio de 2023, el Sr. Serrano González presentó una -*Moción Asumiendo Representación Legal -Solicitando Relevo de Alimentos -Solicitando Alimentos a Favor del Demandante -Solicitud de Orden*.[6] En su moción, el Sr. Serrano González solicitó el relevo del pago de la pensión alimentaria alegando que tenía la custodia de la menor S.S.F. desde hacía tres (3) años y de la joven A.S.F. desde el 18 de junio de 2023. Añadió que la Sra. Feliciano Chárriez no había hecho aportación alguna para sufragar las necesidades de sus hijas; no había informado al Tribunal sobre este asunto, y continuaba recibiendo el pago de la pensión alimentaria que se suponía que fuera para el beneficio de sus hijas. Finalmente, el Sr. Serrano González solicitó que el caso fuera referido a la EPA para que se le impusiera a la Sra. Feliciano Chárriez una pensión a favor de sus hijas.[7]

El 29 de agosto de 2023, la Sra. Feliciano Chárriez presentó una *Oposición a Solicitud de Relevo de Alimentos y Otros Remedios Presentada por el Sr. José J. Serrano González el 10 de julio de 2023*.[8] En su moción, la Sra. Feliciano Chárriez alegó que, hacía apenas dos (2) meses, el Tribunal había dado por desistida una primera solicitud de relevo de pensión presentada por el Sr. Serrano González, y que no existían las circunstancias necesarias para que se modificara la pensión que se había fijado a favor de sus hijas; y que tenía la custodia legal de la menor S.S.F. en virtud de la *Sentencia* de 29 de octubre de 2009, por lo que era jurídicamente

---

[6] Apéndice del *Recurso de Apelación*, págs. 27-28.

[7] Además, el Sr. Serrano González indicó en su moción que el TPI le había ordenado a expresarse con respecto a un escrito presentado por sus hijas, en el cual estas le solicitaban que continuara pagando la pensión alimentaria. Alegó que no fue notificado de dicho escrito, pero que, no obstante, se oponía a esta solicitud basado en que tenía la custodia física de sus hijas, por lo que era a la Sra. Feliciano Chárriez a quien le correspondía aportar, lo que no había hecho. Añadió que S.S.F. aún era menor, por lo que no podía solicitar alimentos por derecho propio; y que la joven A.S.F., debía notificarle su escrito para poder expresarse responsablemente en cuanto este.

[8] Apéndice del *Recurso de Apelación*, págs. 29-32.

improcedente la solicitud de alimento del padre no custodio ante la inexistencia de una determinación judicial que alterara lo dispuesto en dicho dictamen. Además, la Sra. Feliciano Chárriez alegó que, por acuerdo entre las partes, sus hijas se habían mudado con ella al estado de la Florida en diciembre de 2021 y que, desde entonces, ese era su domicilio; y que el hecho de que estas se hospedaran en casa de su abuela en Bayamón mientras cursaban sus estudios universitarios, no cambiaba el hecho de que la Florida fuera su domicilio. Añadió que ella asumía el 100% de los gastos relacionados al domicilio de sus hijas en la Florida, les suministraba dinero mensualmente, y les pagaba sus pasajes de regreso a la Florida durante los recesos académicos.

Luego de varios trámites procesales,[9] el 4 de diciembre de 2023, se celebró una *Vista* para atender las mociones pendientes ante la consideración del TPI.[10] Antes de finalizar la misma, el TPI le ordenó en corte abierta a la ASUME el cierre del caso dando por terminada la obligación del Sr. Serrano González de pagar alimentos a favor de sus hijas.[11] En la misma fecha, reducida a escrito el 21 de diciembre de 2023, y notificada el 12 de enero de 2024, el TPI emitió una *Orden,* mediante la cual le ordenó a la ASUME la paralización del pago de la pensión alimentaria debido a que ninguno de los padres tenía la custodia de sus hijas.[12]

El 18 de diciembre de 2023, la Sra. Feliciano Chárriez presentó una *Solicitud de Enmienda a Minuta Sobre Vista Celebrada el 4 de diciembre de 2023 y/o Moción de Reconsideración,* la cual fue

---

[9] El 17 de octubre de 2023, el Sr. Serrano González presentó una *Moción en Solicitud de Traslado* y una *Moción Urgente Reiterando Solicitud de Alimentos.* Apéndice del *Recurso de Apelación*, págs. 3 y 34-35. En atención a estas mociones y la solicitud de relevo y su oposición, el TPI emitió una *Orden* el 7 de noviembre de 2023, notificada el 8 de noviembre de 2023, mediante la cual señaló una vista. Apéndice del *Recurso de Apelación*, pág. 36.
[10] Apéndice del *Recurso de Apelación*, pág. 2.
[11] Apéndice del *Recurso de Apelación*, págs. 1-2. La *Minuta* que contiene la determinación del TPI fue notificada a las partes el 13 de diciembre de 2023.
[12] Apéndice del *Recurso de Apelación*, págs. 14-15.

declarada No Ha Lugar por el TPI mediante la *Resolución* emitida el 19 de diciembre de 2023 y notificada el 12 de enero de 2024.[13]

Inconforme con las determinaciones emitidas por el TPI, la Sra. Feliciano Chárriez acudió ante nos el 12 de febrero de 2024 mediante el presente *Recurso de Apelación*, en el cual señala los errores siguientes:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL EMITIR UN DICTAMEN QUE IMPLICA QUE UNA MENOR NO TIENE DERECHO RECIBIR ALIMENTOS POR EL MERO HECHO DE HOSPEDARSE EN LA PROPIEDAD DE UN TERCERO MIENTRAS CURSA SUS ESTUDIO UNIVERSITARIOS, EN VEZ DE CON SU MADRE Y QUIEN OSTENTA SU CUSTODIA LEGAL.
>
> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONCLUIR QUE, UN PADRE NO CUSTODIO NO TIENE OBLIGACIÓN PAGAR PENSIÓN ALIMENTARIA A SU HIJA MENOR CUYO DOMICILIO SE ENCUENTRA EN EL HOGAR DE LA MADRE CUSTODIA.
>
> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NEGARLE LA OPORTUNIDAD A LA SRA. FELICIANO DE PRESENTAR TESTIMONIO Y PRUEBA A SU FAVOR CON RELACIÓN A SUS APORTACIONES ECONÓMICAS CON SU HIJA, LAS NECESIDADES DE LA MENOR S.S.F. Y LA CAPACIDAD ECONÓMICA DEL APELADO, EN LO QUE CONSTITUYÓ UN ABUSO DE DISCRECIÓN EN VIOLACIÓN AL DEBIDO PROCESO DE LEY QUE LE COBIJA.
>
> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONSIDERAR NUEVAMENTE UNA PETICIÓN DE RELEVO QUE YA HABÍA SIDO DADA POR DESISTIDA MEDIANTE ORDEN QUE ADVINO FINAL Y FIRME, ELLO EN VIOLACIÓN DE LA DOCTRINA DE LA LEY DEL CASO Y SIN QUE MEDIARAN LAS CIRCUNSTANCIAS NECESARIAS PARA QUE, APENAS DOS (2) MESES LUEGO, SE MODIFICARA DICHO DICTAMEN.

El 15 de febrero de 2024, emitimos una *Resolución*, mediante la cual retuvimos la jurisdicción sobre el recurso y le ordenamos al Foro de Instancia a fundamentar la determinación emitida en corte abierta el 4 de diciembre de 2023 relevando al Sr. Serrano González del pago de la pensión alimentaria.

El 21 de febrero de 2024, el Sr. Serrano González compareció ante nos mediante la presentación de un *-Memorando en Oposición*

---

[13] Apéndice del *Recurso de Apelación*, págs. 3-11 y 13.

*a Recurso de Apelación -Solicitud de Desestimación y Honorarios de Abogado -Solicitud para que se Ordene a la Apelante Presentación de Transcripción de Vista.* En su escrito, el Sr. Serrano González sostiene que procedía que lo relevaran del pago de la pensión alimentaria por razón de que la menor S.S.F. se encuentra bajo la custodia física de la abuela paterna. En la alternativa, alega que ambos padres deben proveerle alimentos a la menor a través de la abuela. Además, alega que procede que la Sra. Feliciano Chárriez le reembolse los pagos que realizó en exceso mientras sus hijas estuvieron bajo su custodia; que en la vista celebrada el 4 de diciembre de 2023, el TPI determinó que la abuela era quien tenía legitimación activa para reclamar alimentos a favor de la menor S.S.F; y que la Sra. Feliciano Chárriez había procedido con temeridad, por lo que solicitó que se le impusieran costas, gastos, y honorarios.

El 26 de febrero de 2024, emitimos una *Resolución* concediéndole un término de veinte (20) días a la Sra. Feliciano Chárriez para presentar la transcripción estipulada por las partes de la vista celebrada el 4 de diciembre de 2023.

El 29 de febrero de 2024, el TPI emitió una notificación enmendada de su *Resolución* de 4 de diciembre de 2023, en atención a lo ordenado por este Tribunal.[14] Según surge de su dictamen, en la vista celebrada el 4 de diciembre de 2023 se atendieron las solicitudes de relevo y traslado presentadas por el Sr. Serrano González. El TPI formuló cinco (5) determinaciones de "[h]echos que no están en controversia"[15] y resolvió lo siguiente:

---

[14] Analizada esta resolución y a tenor con la determinación arribada, acordamos prescindir de la presentación de la transcripción estipulada de la vista celebrada el 4 de diciembre de 2023.

[15] **"HECHOS QUE NO ESTAN EN CONTROVERSIA**
1. La menor [S.S.F.] y la joven Alondra Serrano Feliciano residen en la calle Lirio D-34, Reparto Valencia, Bayamón, Puerto Rico 00959. En la residencia de la abuela paterna; porque están estudiando.
2. Que la joven Alondra Serrano Feliciano advino a la mayoría de edad.

"[...]

En este caso la menor, [S.S.F.] y la joven [A.S.F.], quien advino a la mayoría de edad[,] viven físicamente con la abuela paterna. Les corresponde a ambos padres a [sic.] mantener económicamente a la menor, [S.S.F.] y no solo al apelado, José Javier Serrano González.

El Tribunal esbozó en corte abierta que residiendo [las] menores en Bayamón **corresponde a la abuela paterna radicar un pleito de alimentos y emplazar a ambos progenitores como parte indispensable.**

[...]

En el presente caso, **no se desfiló prueba en la vista de que la parte peticionaria, Yesenia Feliciano Ch[á]rriez proveyera alimentos a su hija en Puerto Rico ni el peticionario tampoco.** La prueba desfilada consistió en la certificación de la Administración Para el Sustento de Menores y no hay controversia de que la persona recipiente de la pensión es la peticionaria, Yesenia Feliciano Ch[á]rriez.

**Ante la falta de prueba de que la menor [S.S.F.] y la joven [A.S.F] están recibiendo la pensión alimentaria[,]** el tribunal en aras de la justicia, para evitar un enriquecimiento injusto se declaró la solicitud de relevo de pensión alimentaria HA LUGAR y, en consecuencia, se relevó al Sr. José Javier Serrano González del pago de pensión alimentaria para la joven [A.S.F.], toda vez que ésta alcanzó la mayoría de edad y **se orientó a las partes de su responsabilidad de proveer alimentos a la menor [S.S.F.].**

De entender la joven [A.S.F] [sic.] la necesitad de pensión alimentaria entre parientes**, podrá presentar moción solicitando [alimentos] entre parientes** notificando conforme a derecho a todas las partes o en su defecto deberá radicar un pleito distinto e independiente para reclamar pensión a ambos padres y emplazarlos.

Además, se ordenó a la Administración Para el Sustento de Menores [sic.] paralización del pago de la pensión alimentaria de [S.S.F.] ya que la menor no está bajo la custodia física de ninguna de las partes en este caso.

**No obstante, le corresponde a la parte custodia radicar un caso de alimentos.** Se orientó de su responsabilidad moral legal de alimentar a su hija menor de edad; [S.S.F.].

---

3. La peticionaria, doña Yesenia Feliciano Ch[á]rriez vive fuera de la jurisdicción de Puerto Rico.

4. La peticionaria, doña Yesenia Feliciano Ch[á]rriez tiene la custodia legal de [las] menores.

5. El peticionario; José J. Serrano González solicitó relevo de pensión ya que la pensión es a través de la Administración Para el Sustento de Menores y le llega directamente a la cuenta de la peticionaria, Yesenia [F]eliciano Ch[á]rriez y esta no tiene la custodia física de [las] menores y, además, solicitó el traslado para la Región Judicial de Bayamón".

Por último, se ordena el traslado de este asunto a la Región Judicial de Bayamón". (énfasis suplido).

Examinado el presente recurso, procedemos a disponer del mismo sin necesidad de ulterior trámite, conforme lo autoriza la Regla 7(B)(5) de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 7(B)(5).

**II**

Los casos relacionados con alimentos están revestidos del más alto interés público, siendo su interés principal el bienestar del menor. Véanse, *Toro Sotomayor v. Colón Cruz*, 176 DPR 528 (2009); *Argüello v. Argüello*, 155 DPR 62, 70 (2001). Esto es así, puesto que forma parte de la política pública del gobierno de Puerto Rico que los padres o las personas legalmente responsables contribuyan a la manutención y al bienestar de sus hijos menores dependientes. Véase, Artículo 3 de la Ley 5 de 30 de diciembre de 1986, según enmendada, conocida como *"Ley Orgánica de la Administración para el Sustento de Menores"*, 8 LPRA sec. 502. Esta política es de raigambre constitucional y se desprende del derecho a la vida consagrado en la Carta de Derechos de la Constitución de Puerto Rico. Véanse, Art. 2, Sec. 10., Const. E.L.A., LPRA Tomo 1; *Toro Sotomayor v. Colón Cruz,* supra; *Argüello v. Argüello*, supra; *Chévere v. Levis*, 150 DPR 525 (2000).

La obligación de proveer alimentos está regulada por nuestro Código Civil. El Artículo 653 del Código Civil, 31 LPRA sec. 7531, define los alimentos como "todo lo que es indispensable para el sustento, la vivienda, la vestimenta, la recreación y la asistencia médica de una persona, según la posición social de su familia". Cuando el alimentista es menor de edad, los alimentos comprenden también:

"su educación, las atenciones de previsión acomodadas a los usos y a las circunstancias de su entorno familiar y social y los gastos extraordinarios para la atención de sus condiciones personales especiales". *Íd.*

Si el alimentista alcanza la mayoridad mientras cursa ininterrumpidamente estudios profesionales o vocacionales, el Artículo 655 del Código Civil, 31 LPRA sec. 7533, dispone que:

"[L]a obligación de alimentarlo se extiende hasta que obtenga el grado o título académico o técnico correspondiente o hasta que alcance los veinticinco (25) años de edad, lo que ocurra primero, a discreción del juzgador y dependiendo las circunstancias particulares de cada caso.

[…]". Véase, *Key Nieves v. Oyola Nieves*, 116 DPR 261 (1985).

La obligación de los padres de proveer alimentos a sus hijos tiene dos bases estatutarias. El Artículo 590 del Código Civil, 31 LPRA sec. 7242, establece las facultades y deberes de los padres con respecto a sus hijos por razón de la patria potestad. Este Artículo establece que:

"Los progenitores tienen sobre el hijo sujeto a su patria potestad los siguientes deberes y facultades:

[…]

(b) alimentarlo y proveerle lo necesario para su desarrollo y formación integral;

[…]".

De otra parte, el Artículo 658 del Código Civil, 31 LPRA sec. 7541, regula lo relacionado a los alimentos entre parientes. En lo pertinente, este Artículo establece lo siguiente:

"Están obligados recíprocamente a proporcionarse alimentos, en toda la extensión que señalan los artículos precedentes:

(a) los cónyuges;

(b) los ascendientes y descendientes;

(c) los hermanos.

[…]".

Mientras los hijos son menores de edad y no se han emancipado, ya sea por razón de matrimonio o por dictamen judicial, **el progenitor custodio con patria potestad está capacitado para reclamar alimentos para beneficio de estos**. *Toro Sotomayor v. Colón Cruz,* supra, pág. 535. En esos casos, aunque es

el padre o madre custodio quien presenta la acción, la misma pertenece al hijo, es decir, el padre o madre demandante que la inició solo actúa como un representante. *Id.*, pág. 536. Una vez cesa esa incapacidad por minoridad, los padres ya no pueden acudir a los tribunales a representar los intereses de sus hijos. *Id.* En tal caso, el hijo ya mayor de edad se encuentra revestido de la capacidad jurídica necesaria para así hacerlo. *Id.*

El hecho de que los hijos puedan comparecer a solicitar alimentos aun luego de alcanzar la mayoridad obedece a que la obligación de alimentarlos no cesa automáticamente porque estos hayan cumplido veinte (21) años. *Santiago, Maisonet v. Maisonet Correa*, 187 DPR 550 (2012); *Toro Sotomayor v. Colón Cruz*, supra; *Key Nieves v. Oyola Nieves*, supra. En otras palabras, la emancipación por mayoría de edad no conlleva *ipso facto* la pérdida del derecho a reclamar alimentos de los padres, pues siempre subsistirá la obligación que emana del Artículo 658 del Código Civil, *supra*, que atiende las necesidades alimentarias entre parientes. No obstante, ese tipo de obligación requiere que el hijo ya mayor de edad tenga la necesidad de esa pensión alimentaria, lo que se analiza bajo criterios distintos a los que se toman en cuenta cuando se adjudican los alimentos de un menor. Véase, *Santiago, Maisonet v. Maisonet Correa*, supra; *Rodríguez Amadeo v. Santiago Torres*, 133 DPR 785, (2000); *Sosa Rodríguez v. Rivas Sariego*, 105 DPR 518 (1976). Por tanto, este viene obligado a probar las circunstancias que le hacen acreedor de estos. *Íd.* En cuanto a la tramitación de esta solicitud, se ha resuelto que:

> "[E]s deber del alimentante, si es que así lo desea, poner en conocimiento al tribunal de que sus hijos alimentistas están próximos a llegar a la mayoridad y su interés de ser relevado del pago de la pensión alimentaria. Es decir, la pensión otorgada a un menor de edad continuará en vigor –aunque advenga a la mayoría de edad- hasta que no se realice el trámite procesal descrito anteriormente. Esa moción se le deberá notificar al alimentista, de modo que este pueda

comparecer dentro de ese mismo pleito -a nombre propio- y establecer que sus necesidades permanecen vigentes y que reúne los requisitos que le hacen acreedor de la pensión a pesar de que ya es mayor de edad. Entonces, solo restará que el tribunal, tomando en consideración las circunstancias particulares de cada caso, evalúe si procede relevar al padre alimentante de la obligación que se le había impuesto hasta ese momento. Es decir, una vez se ha puesto en conocimiento al tribunal de que un alimentista está próximo a llegar a la mayoridad, y este último a su vez ha informado que por su condición de estudiante aún necesita alimentos, el foro primario deberá calendarizar una vista evidenciaria para pasar juicio sobre los requerimientos de las partes. Por estas razones, será imperativo que el tribunal atienda con premura estos planteamientos para evitar un daño irreparable a cualquiera de las partes". *Santiago Maisonet v. Maisonet Correa*, supra.

Finalmente, cabe señalar que la solicitud de alimentos entre parientes puede presentarse en el mismo caso en el que se establecieron los alimentos cuando el alimentista era menor de edad. Ahora se incorpora al alimentista en esta acción porque siendo este adulto tiene capacidad jurídica para atender la controversia de alimentos. El alimentista se convierte en parte indispensable para la controversia de alimentos; por lo que es importante notificarle al joven adulto todo lo relacionado a dicha controversia. *Toro Sotomayor v. Colón Cruz*, supra. No obstante, una vez los hijos son emancipados, éstos tienen la capacidad para representar sus propios intereses ante los tribunales, no pudiéndolo hacer sus padres desde ese momento. *Key Nieves v. Oyola Nieves*, supra.

**III**

En los primeros tres (3) señalamientos de error de su *Recurso de Apelación*, la Sra. Feliciano Chárriez señala que erró el TPI "al emitir un dictamen que implica que una menor no tiene derecho recibir alimentos por el mero hecho de hospedarse en la propiedad de un tercero mientras cursa sus estudios universitarios, en vez de con su madre y quien ostenta su custodia legal"; "al concluir que, un padre no custodio no tiene obligación pagar pensión alimentaria a su hija menor cuyo domicilio se encuentra en el hogar de la madre

custodia", y "al negarle la oportunidad … de presentar testimonio y prueba a su favor con relación a sus aportaciones económicas con su hija, las necesidades de la menor S.S.F. y la capacidad económica del apelado, en lo que constituyó un abuso de discreción en violación al debido proceso de ley que le cobija".

Por estar íntimamente relacionados, procedemos a discutir estos primeros tres (3) señalamientos de error en conjunto.

Según reseñamos, mediante la *Sentencia* de 29 de octubre de 2009 dictada en este caso se le concedió la custodia legal de S.S.F. y A.S.F. a la Sra. Feliciano Chárriez y la patria potestad a ambos padres. Además, se establecieron relaciones paternofiliales, y se fijó una pensión alimentaria que el Sr. Serrano González debía pagar a favor de sus hijas. Mediante un dictamen posterior, la cuantía de la pensión alimentaria se modificó y se ordenó a que los pagos se realizaran a través de la ASUME. El Sr. Serrano González solicitó el relevo de la pensión de sus dos hijas para el 10 de julio de 2023.

Luego de un análisis del trámite procesal de este caso, así como de los dictámenes apelados a la luz del derecho expuesto, concluimos que erró el TPI al relevar al Sr. Serrano González de la pensión fijada a favor de sus hijas. En primer lugar, esta determinación tuvo el efecto de dejar desprovista de alimento a la menor S.S.F.

Es importante puntualizar que el TPI no ha variado la determinación de custodia que se emitió en el 2009, por lo que la Sra. Feliciano Chárriez continúa ostentando la custodia legal de la menor S.S.F. Ante las alegaciones de mal uso y manejo del dinero de la pensión que se hicieron en su contra, procedía que se ordenara y celebrara una vista evidenciaria en la que se le concediera la oportunidad a la Sra. Feliciano Chárriez de presentar prueba a su favor con respecto a este asunto.

Coincidimos con que a ambos padres les corresponde proveerles alimentos a sus hijas. Sin embargo, entendemos que fue desacertado dejar sin efecto la pensión que se había impuesto y determinar que le correspondía a la abuela paterna presentar un pleito de alimentos en representación de la menor.

En segundo lugar, aunque la joven A.S.F. advino a la mayoría de edad, la pensión fijada a su favor debió continuar en vigor hasta que se realizara el trámite procesal correspondiente, lo que no surge de los dictámenes apelados ni del expediente del caso. En particular, no surge del expediente que la solicitud de relevo presentada por el Sr. Serrano González se le haya notificado, lo que era indispensable para que esta pudiera comparecer dentro del mismo pleito, a nombre propio, y expresar y probar que sus necesidades permanecen vigentes y que reúne los requisitos que la hacen acreedora de la pensión, a pesar de que ya es mayor de edad.

Una vez cumplido el trámite correspondiente, el TPI podía, tomando en consideración las circunstancias particulares del caso, evaluar de forma adecuada y garantizando el derecho de todas las partes, si procedía relevar al padre alimentante de la obligación que se le había impuesto hasta ese momento.

Ante un escenario como el anteriormente expuesto, determinamos que el foro primario debe calendarizar una vista evidenciaria para pasar juicio sobre los requerimientos y deberes de cada una de las partes. Por estas razones, será imperativo que el tribunal atienda con premura estos planteamientos para evitar un daño irreparable a cualquiera de las partes. *Santiago Maisonet v. Maisonet Correa*, supra.

Por tanto, el TPI debe emitir las órdenes y realizar los trámites pertinentes para cumplir con el trámite requerido de forma que los derechos de las partes y, en específico, de la menor S.S.F. y la joven A.S.F. no se vean afectados de forma irreparable.

Finalmente, en el cuarto señalamiento de error de su *Recurso de Apelación,* la Sra. Feliciano Chárriez señala que erró el TPI "al considerar nuevamente una petición de relevo que ya había sido dada por desistida mediante orden que advino final y firme, ello en violación de la doctrina de la ley del caso y sin que mediaran las circunstancias necesarias para que, apenas dos (2) meses luego, se modificara dicho dictamen".

Analizados los argumentos expuestos por la Sra. Feliciano Chárriez, determinamos que no le asiste la razón en cuanto a este asunto. Sabido es que las determinaciones de alimentos no constituyen cosa juzgada. *Cortés Pagán v. González Colón,* 184 DPR 807 (2012). Por el contrario, tienen un carácter dinámico y siempre están sujetas a revisión cuando haya cambios sustanciales en las necesidades del alimentista y los recursos económicos del alimentante.

**IV**

Por los fundamentos expuestos, se revoca el dictamen y orden apelada y se restablece la pensión alimentaria establecida al Sr. Serrano González de $498.00 bisemanales, a favor de sus hijas, a ser pagados a través de ASUME, así como el 66.49% de sus gastos escolares y gastos médicos no cubiertos, y les deberá continuar proveyendo plan médico.

Se devuelve el caso al foro primario para la continuación de los procedimientos de conformidad con lo aquí resuelto.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones