Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel II

| | | |
|---|---|---|
| ÁNGEL BENÍTEZ OQUENDO<br><br>Demandante-Peticionario<br><br>V.<br><br><br>SANDRA ROSADO MEDINA<br><br>Demandada<br><br><br>PAOLA A. BENÍTEZ ROSADO<br>Recurrida | KLCE202400091 | *Certiorari*<br>procedente del<br>Tribunal de<br>Primera Instancia,<br>Sala de Arecibo<br><br><br>Caso Núm.:<br>CDI2006-0406<br><br><br>Sobre:<br>Alimentos Entre<br>Parientes |

Panel integrado por su presidente, el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

Adames Soto, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 28 de mayo de 2024.

Comparece el señor Ángel Benítez Oquendo (peticionario o señor Benítez Oquendo), mediante recurso de *certiorari*, solicitando la revocación de una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Arecibo (TPI), el 17 de noviembre de 2023. Convocado a determinar la responsabilidad económica que le tocaría asumir a unos padres cuya hija, Paola A. Benítez Rosado, advino a la mayoridad, (la hija o recurrida), el foro de instancia estableció que el pago de alimentos entre parientes en favor de la hija sería por la misma cantidad, $480.00 mensuales.

Sin embargo, el peticionario sostiene que no correspondía tal distribución igual del por ciento a pagar por los padres, pues la madre goza de mayor sueldo, asunto que no fue sopesado por el tribunal *a quo*, y resulta contrario al principio de proporcionalidad exigido por nuestro ordenamiento. Además, este plantea que incidió el foro de instancia al no

retrotraer la eliminación de la pensión alimentaria a la fecha en que se solicitó tal remedio.

Por los fundamentos que expondremos a continuación, *expedimos* el auto de *certiorari* y *modificamos* la *Resolución* recurrida.

## I.  Resumen del tracto procesal

Las partes demandante y demandada de epígrafe, señor Benítez Oquendo y la señora Sandra I. Rosado Medina (señora Rosado Medina) estuvieron casados, fruto de lo cual nació Paola A. Benítez Rosado, el 25 de febrero de 2002. No obstante, posteriormente estos se divorciaron, el 4 de junio de 2004, fijándole el foro primario el pago de una pensión provisional al peticionario de $410.00 mensuales, en beneficio de la hija. A los pocos meses, el 6 de octubre de 2004, el mismo foro judicial emitió otra *Resolució*n, esta vez fijando el pago de la referida pensión alimentaria en $350.00.

Pasada más de una década, el 25 de octubre de 2018, el tribunal *a quo* dictó una *Resolución* modificando la pensión alimentaria que le correspondía pagar al peticionario en favor de la hija, a $650.00, que sería efectiva desde el 1 de febrero de 2018. Fue determinado que dicho pago sería efectuado a través de la Administración para el Sustento de Menores (ASUME). En la misma *Resolución* también se estableció que en el monto fijado se incluían los gastos escolares, aportación para gastos médicos no cubiertos por el plan médico, y aportación para gastos de vivienda.

Entonces, ya cercana la fecha en que la hija advendría a la mayoría de edad, la señora Rosado Medina instó una solicitud de continuación de alimentos a favor de su hija. Como parte de esta petición fue incluida evidencia de que la hija se encontraba estudiando.

Por su parte, el 24 de febrero de 2023, la hija presentó una *Moción Informativa y de Solicitud,* indicando que advendría a la mayoría de edad el 25 de febrero de 2023. Asimismo, adujo ser estudiante universitaria a tiempo completo en la Universidad Interamericana, Recinto de Bayamón,

cursando estudios de Bachillerato en Ciencias, con concentración en Biología. Por lo cual, le solicitó al foro primario que le ordenara al peticionario continuar pagando una pensión alimentaria.

En respuesta, el 29 de marzo de 2023, el foro recurrido dictó una *Orden* dirigida a la hija, para que incluyera a su madre, la señora Rosado Medina, como parte indispensable en su reclamación de alimentos entre parientes. Además, le ordenó suministrar evidencia que acreditara los estudios universitarios alegados.[1]

La vista de alimentos entre parientes quedó señalada para el 31 de mayo de 2023, pero fue suspendida a petición de la representación legal de la hija.

Al próximo día, el 1 de junio de 2023, el peticionario presentó ante el TPI un *Escrito en Solicitud de Eliminación de Pensión Alimenticia y Otros Asuntos.* Como fundamento a tal solicitud, adujo tener obligaciones monetarias que le impedían ayudar económicamente a la hija.

A raíz de ello, el 5 de junio de 2023, el foro primario declaró *No Ha Lugar* la solicitud del peticionario para que se eliminara el pago de la pensión alimentaria en favor de la hija. Al así decidir, el Tribunal fue enfático en señalar que la pensión alimentaria impuesta al peticionario se mantendría en total eficacia, hasta tanto se atendiera la vista de alimentos entre parientes pendiente por celebrar.

No obstante, la vista señalada a esos propósitos, para el 10 de julio de 2023, fue suspendida nuevamente a petición de la hija, dejándose pautada para para el 20 de septiembre de 2023. Sin embargo, llegada esta fecha también tuvo que ser suspendida la vista, atribuibles a la hija [2]. Ante lo descrito, el TPI apercibió a la representación legal de la hija de que no se concederían más prórrogas ni transferencias de vista. Así, la vista quedó nuevamente señalada, para el 1 de noviembre de 2023,

---

[1] El 23 de mayo de 2023, la recurrida cumplió con la *Orden*, y presentó una *Moción Sobre Inclusión de Parte* y una *Moción en Cumplimiento de Orden.*
[2] La vista del 20 de septiembre de 2023 fue suspendida a petición del Lcdo. Jorge Ramos Román, representante legal de la peticionada.

incluyéndose una advertencia a las partes que, de no estar preparadas para atender el caso en sus méritos ese día, la causa de acción sería desestimada.

Antes de que llegara la fecha pautada para la celebración de la vista entre parientes, el 24 de octubre de 2023, la señora Benítez Rosado presentó una *Moción de Desacato por Incumplimiento de Pago* en contra del peticionario.

Finalmente, los días 1 y 3 de noviembre se celebró la vista sobre *Alimentos Entre Parientes, Relevo de Pensión Alimenticia y de Desacato.* Luego de evaluada la prueba presentada por las partes, que incluyó el testimonio de la hija y el peticionario, el TPI realizó las siguientes determinaciones de hechos[3]:

1. El Sr. Ángel Benítez Oquendo y la Sra. Sandra I. Rosado Medina son los progenitores de la joven Paola A. Benítez Rosado.
2. La joven Paola Benítez Rosado nació el 25 de febrero de 2002.
3. El 25 de octubre de 2018, el Tribunal dictó una *Resolución* mediante la cual modificó la pensión alimentaria del Sr. Ángel Benítez Oquendo, padre alimentante, y se le impuso la obligación de satisfacer la suma de $650.00 mensuales en beneficio de su hija Paola Benítez Rosado. Ello, efectivo desde el 1 de febrero de 2018. Esta cantidad debe pagarse a través de ASUME.
4. La joven Paola Benítez Rosado advino a su mayoría de edad, o sea los veintiún (21) años, el 25 de febrero de 2023.
5. La joven Paola Benítez Rosado comenzó y ha cursado estudios universitarios ininterrumpidamente en la Universidad Interamericana de Puerto Rico, Recinto de Bayamón.
6. La joven Paola Benítez Rosado cursa estudios de Bachillerato en Ciencias con concentración en Biología, y a noviembre 2023 se encuentra en el primer semestre de su cuarto año académico.
7. A la joven Paola Benítez Rosado le falta el segundo semestre de su cuarto año, y un (1) año adicional para poder culminar su grado de Bachillerato. Entiéndase, que le faltarían tres (3) semestres académicos adicionales, por lo que proyecta poder culminar en el semestre que corresponde el periodo de enero a mayo del año 2025.
8. La joven Paola Benítez Rosado ha obtenido calificaciones de "A" y "B" en sus cursos de Bachillerato en la Universidad Interamericana de Puerto Rico, Recinto de Bayamón, y actualmente su promedio o GPA es de 3.7.

---

[3] Anejo X del *Certiorari*, págs. 22 y 23.

9. Al presente, la joven Paola Benítez Rosado vive con su señora madre, la Sra. Sandra Rosado Medina, y no trabaja ya que es estudiante a tiempo completo.

10. La joven Paola Benítez Rosado, quien es la parte promovente de la solicitud de alimentos entre parientes, solamente pudo identificar, testificar y cuantificar sobre dos (2) gastos o necesidades para poder culminar sus estudios. A saber, testificó bajo juramento durante el Juicio, que tiene el gasto de matrícula de cada semestre, y el gasto de gasolina.

11. En cuanto al gasto de matrícula, la joven Paola Benítez Rosado testificó que los semestres académicos tienen un costo aproximado de $4,000.00 cada uno.

12. En cuanto al gasto de gasolina, la joven Paola Benítez Rosado testificó que gasta $40.00 mensuales.

13. Aparte de los dos (2) gastos anteriormente indicados, la joven Paola Benítez Rosado no pudo precisar la cuantía adicional alguna, ni gasto adicional alguno.[4]

14. El señor Benítez Oquendo dejó de pagar su correspondiente pensión alimentaria de $650.00 mensuales desde marzo del 2023.

15. El 1 de junio de 2023, el señor Benítez Oquendo solicitó ser relevado del pago de su pensión alimentaria.

16. El 5 de junio de 2023, el Tribunal emitió una Orden declarando No Ha Lugar la solicitud de relevo de pensión presentada por el señor Benítez Oquendo. Por lo cual, no ha sido relevado por el Tribunal en cuanto al pago de su correspondiente pensión alimentaria.

17. La Sra. Sandra Rosado Medina trabaja actualmente para *Salud Integral en la Montaña Inc.,* en Naranjito Puerto Rico. Devenga un salario quincenal neto de $2,726.38, según su talonario de pago.

18. El señor Ángel Benítez Oquendo trabaja actualmente para el Hospital Auxilio Mutuo, en San Juan, Puerto Rico. Devenga un salario quincenal neto de $927.72 (sin la deducción de ASUME), según su talonario de pago.

Dispuesto lo anterior, el TPI fijó una pensión entre parientes a ser pagada por los padres de la hija en favor de esta, en igual cantidad para ambos, es decir, de $480.00 mensuales. En el caso del peticionario, se le ordenó pagar dicha cantidad directamente a la hija, dentro de los primeros (6) días laborables de cada mes. Además, se estableció que, durante los meses de junio y julio de 2024, el peticionario no vendría obligado a pagar la pensión entre parientes.

Como ya se dijo, a la señora Rosado Medina también se le ordenó el pago de la misma cantidad a favor de la hija, hasta mayo de 2025. Sin embargo, tal cantidad sería pagada en especie, toda vez que la joven vive

---

[4] Ver nota 1, Anejo X del Certiorari, pág. 23.

con la demandada en su residencia. Fue añadido en la Orden del TPI que, de cambiar la joven de residencia, la señora Rosado Medina vendría obligada a pagar la pensión entre parientes, bajo los mismos parámetros y condiciones que el peticionario.

Finalmente, en cuanto al relevo de pensión alimentaria, el TPI declaró *HA LUGAR* la solicitud del peticionario, por lo que dejó sin efecto la pensión alimentaria a favor de quien fuera la menor, efectivo el 30 de noviembre de 2023.

No conformes con el dictamen del foro recurrido, tanto el peticionario como la hija solicitaron *Reconsideración.*

La hija sostuvo en su petición de reconsideración, en síntesis, que el TPI había incidido al no permitirle presentar prueba sobre los gastos en los que incurría, con un testigo con conocimiento personal de los hechos, que era parte del caso, la señora Rosado Medina, lo cual provocó una reducción de la cuantía de la pensión que recibiría. Además, adujo que, contrario a lo indicado en la *Resolución*, sí había prestado declaración sobre otros gastos, aunque no fueron incluidos o computados por el Tribunal en sus determinaciones de hechos. De igual forma, solicitó que se impusieran honorarios de abogado, según lo establecido en el Art. 656 del Código Civil de Puerto Rico 2020, 31 LPRA sec. 7534.

Por su parte, en la solicitud de reconsideración instada por el peticionario fue planteado que erró el foro primario en: (1) el cálculo mensual de los gastos de la hija; (2) al no considerar una distribución proporcional del pago que debían asumir los padres a favor de la hija, en consideración al peculio de cada cual; y en la fecha de la eliminación de pensión solicitada, que debía retrotraerse al 1 de junio de 2023, fecha de la radicación de la solicitud para fuese eliminada la pensión alimentaria.

El foro primario denegó ambas solicitudes de reconsideración.

Es así como, en desacuerdo con la forma en que el TPI dispuso sobre la asignación de pensión entre parientes, el peticionario acudió ante

nos mediante recurso de *certiorari,* señalando la comisión de los siguientes errores:

> **Primer Error:** Erró el Honorable Tribunal de Primera Instancia al distribuir entre los padres de la interventora el pago de los alimentos a favor de aquella en un 50%, y no conforme al artículo 663 del Código Civil de Puerto Rico (31 L.P.R.A. 7546), esto es, en cantidad proporcional a los respectivos caudales de sus padres.
>
> **Segundo Error:** Erró el Honorable Tribunal de Primera Instancia al indicar que *"quedaba a su discreción"* el establecer la cuantía de los alimentos a prestarse a favor de la parte interventora.
>
> **Tercer Error:** Erró el Honorable Tribunal de Primera Instancia al aplicar en el caso de marras el artículo 665 del Código Civil de Puerto Rico (31 LPRA 7561), y no el artículo 663 del Código Civil de Puerto Rico (31 L.P.R.A. 7546).
>
> **Cuarto Error:** Erró y abusó de su discreción el Honorable Tribunal de Primera Instancia al no retrotraer la eliminación de la pensión del presente caso a la fecha de solicitud de eliminación que hiciera el Demandante-Peticionario (1 de junio del 2023) o, en su defecto, a la fecha del próximo señalamiento de vista luego de [hecha] la solicitud de eliminación, esto es, al 10 de julio de 2023.

Mediante *Resolución* de 6 de febrero de 2024 le concedimos a la recurrida el término de 30 días para exponer su posición. Transcurrido dicho término en exceso, esta nunca compareció.

Pasado el término concedido a la recurrida sin que la recurrida compareciera, nos corresponde dar el caso por perfeccionado.

## II. Exposición de Derecho

### -A-

Es importante reiterar que los casos sobre alimentos de menores están revestidos del más alto interés público. Nuestro Tribunal Supremo ha manifestado que la obligación alimentaria tiene su fundamento en el derecho constitucional a la vida y en la solidaridad familiar. Por tanto, los menores tienen un derecho fundamental a recibir alimentos. *Fonseca Zayas v. Rodríguez Meléndez,* 180 DPR 623, 632 (2011). Más aún, ese mismo alto Foro ha reconocido que el derecho a reclamar alimentos constituye parte del derecho a la vida, protegido por la Constitución de

Puerto Rico. *Torres Rodríguez v. Carrasquillo Nieves*, 177 DPR 728, 738 (2009).

Tratándose de un derecho de tan alto interés público, el Estado, como parte de su política pública, ha legislado ampliamente para velar por su cumplimiento. *Torres Rodríguez v. Carrasquillo Nieves*, supra, pág. 739. Se ocupan de tales asuntos, por ejemplo, la Ley Orgánica de la Administración para el Sustento de Menores, Ley Núm. 5-1986, según enmendada por la Ley 178–2003, la Ley 182-2015 y la Ley 139-2020, 8 LPRA sec. 501 *et seq.* y las Guías para Determinar y Modificar Pensiones Alimentarias en Puerto Rico, Reglamento Núm. 8529, según enmendado, (las Guías).

Además, conforme a lo establecido en el Art. 653 del Código Civil de Puerto Rico de 2020[5], 31 LPRA sec. 7531, se entiende por alimentos todo lo que es indispensable para el sustento, la vivienda, la vestimenta, la recreación y la asistencia médica de una persona, según la posición social de su familia. Cuando el alimentista es menor de edad, los alimentos comprenden también su educación, las atenciones de previsión acomodadas a los usos y a las circunstancias de su entorno familiar y social y los gastos extraordinarios para la atención de sus condiciones personales especiales.[6]

Con referencia a la legitimación para reclamar judicialmente pensiones alimentarias, nuestro Tribunal Supremo ha resuelto que mientras los hijos sean menores de edad, y no hayan sido emancipados, es el progenitor que tenga la patria potestad quien está llamado a reclamar el

---

[5] Aprobado mediante la Ley 55 del 1ro de junio de 2020.

[6] El Artículo 153 del Código Civil de Puerto Rico de 1930, 31 LPRA sec. 601, establecía que "el padre y la madre tienen, respecto de sus hijos no emancipados:

"(1) el deber de alimentarlos, tenerlos en su compañía, educarlos e instruirlos con arreglo a su fortuna, y representarlos en el ejercicio de todas las acciones que puedan redundar en su provecho". Según definido en el anterior Código Civil, alimento es "todo lo que es indispensable para el sustento, habitación, vestido y asistencia médica, según la posición social de la familia". Art. 142 del Código Civil, 31 LPRA sec. 561. Por eso, la pensión se reducirá o aumentará en proporción a los recursos del primero y a las necesidades del segundo. De acuerdo a este principio de proporcionalidad, se tomarán en consideración los recursos del alimentante y la posición social de la familia, así como el estilo de vida que lleva el alimentante. *Fonseca Zayas v. Rodríguez Meléndez*, supra, pág. 634.

pago de pensiones a nombre de los hijos, siempre y cuando no estén prescritas. *Ríos Rosario v. Vidal Ramos*, 134 DPR 3, 8 (1993). Lo anterior se debe a que es el padre o madre quien tiene respecto de sus hijos no emancipados el deber de representarlos en el ejercicio de todas las acciones que puedan redundar en su provecho; y la acción para solicitar el pago de pensiones alimentarias es una de esas acciones. *Íd.* No obstante, una vez termina la patria potestad por cualquiera de las causas contempladas en la ley, esta facultad cesa y el alimentista queda legitimado para reclamar judicialmente la pensión. *Íd.*

El mismo Alto Foro ha señalado que el hecho de que los hijos puedan comparecer a solicitar alimentos, **aun luego de alcanzar la mayoridad**, obedece a que **la obligación de alimentarlos no cesa automáticamente porque estos hayan cumplido veintiún (21) años**. (Énfasis provisto). *Santiago, Maisonet v. Maisonet Correa*, 187 DPR 550, 573 (2012); *Toro Sotomayor v. Colón Cruz*, 176 DPR 528 (2009); *Key Nieves v. Oyola Nieves,* 116 DPR 261, 266 (1985). En otras palabras, **la emancipación por mayoría de edad no apareja *ipso facto* la pérdida del derecho a reclamar alimentos de los padres, pues siempre subsistirá la obligación que emana del Art. 658 del Código Civil de Puerto Rico, 31 LPRA sec. 7541, que atiende las necesidades alimentarias de parientes.** (Énfasis provisto). *Santiago, Maisonet v. Maisonet Correa*, supra, a la pág. 573. De manera que, una vez establecida una pensión alimentaria, ni la emancipación, ni la mayoría de edad de los hijos relevan al padre de su obligación de alimentarles si aquellos lo necesitaren. *Rivera Medina v. Villafañe González*, 186 DPR 289, 293 (2012); *Sosa Rodríguez v. Rivas Sariego*, 105 DPR 518, 523 (1976).

Ya en *Argüello v. Argüello*, 155 DPR 62, 71 (2001), se había manifestado que el deber del alimentante de proveer los medios necesarios para la educación de un hijo no termina, sin más, porque el hijo hubiese

alcanzado la mayoría de edad. Específicamente, en los casos en que el menor ha comenzado los estudios universitarios durante su minoridad, nuestra última instancia judicial había establecido que, bajo circunstancias normales:

> ... al menos en cuanto a los estudios de bachillerato ... cuando un hijo "se ha iniciado en un oficio o carrera durante la minoridad, tiene derecho a exigir que el alimentante le provea los medios para terminarlo, aun después de haber llegado a la mayoridad". (Citas Omitidas.) *Íd,* citando *Key Nieves v. Oyola Nieves*, supra, pág. 266.

En ese sentido, con la aprobación del Código Civil de 2020 fueron incorporados varios artículos, que resultan de suma importancia para el estado de derecho actual, respecto a la dilucidación de pensiones alimentarias en casos donde el alimentista adviene a la mayoridad mientras aun cursa estudios. Así, el Art. 99 del nuevo Código Civil de 2020, 31 LPRA sec. 5593, dispone que:

> **La mayoría de edad no extingue inmediatamente las obligaciones de subsistencia ni las atenciones de previsión de los progenitores o de otros obligados a prestarlas en favor de quien adviene a la mayoridad:**
> **(a) Si la ley dispone expresamente su extensión;**
> **(b) si el beneficiado está sujeto a la patria potestad prorrogada de sus progenitores; o**
> **(c) si el beneficiado no tiene recursos ni medios propios para su manutención, mientras subsisten las circunstancias por las que es acreedor de ellas.**
> Las atenciones de previsión incluyen, sin limitarlas a, los seguros de salud, de vida y de incapacidad, **los planes de estudio y las garantías prestadas sobre obligaciones que subsisten luego de advenir el beneficiado a la mayoridad.**
>
> **La persona que alegue la extinción de las obligaciones de subsistencia o las atenciones de previsión sobre quien adviene a la mayoridad, debe probarla.**
>
> (Énfasis provisto).

En este mismo sentido, el Artículo 655 del Código Civil, 31 LPRA sec. 7533, dispone lo siguiente:

> Si el alimentista alcanza la mayoridad mientras cursa ininterrumpidamente estudios profesionales o vocacionales, la obligación de alimentarlo se extiende hasta que obtenga el grado o título académico o técnico correspondiente o hasta que alcance los veinticinco (25) años de edad, lo que ocurra primero, a discreción del juzgador y dependiendo las circunstancias particulares de cada caso.

El tribunal, en atención a las habilidades personales, el potencial de desarrollo y el aprovechamiento académico del alimentista, puede establecer la cuantía, el modo y el plazo de la obligación.

A esto se suma que, previo a la incorporación de los citados artículos, mediante la creación de la Ley 182-2015, se enmendó el inciso (b) del Artículo 19 de la Ley Orgánica de la Administración para el Sustento de Menores, 8 LPRA sec. 518, a los fines de aclarar que la pensión alimentaria que recibe una persona menor de edad se extingue por el hecho de alcanzar la mayoría de edad, y para establecer que el joven emancipado continuará recibiendo la misma cantidad de dinero como parte del derecho a recibir alimentos entre parientes hasta que la persona que ha tenido la obligación de proveer la pensión alimentaria solicite el relevo de su obligación de proveerla y así sea relevada por el Tribunal.

**B.**

Por otra parte, para modificar la cuantía de las obligaciones por concepto de alimentos, el Artículo 671 del Código Civil de 2020, 31 LPRA sec. 7567, establece que:

La cuantía de los alimentos se reduce o aumenta proporcionalmente según aumenten o disminuyan las necesidades del alimentista y los recursos del obligado.

Cuando el alimentista es menor de edad o es un ascendiente de edad avanzada, la cuantía se modifica únicamente cuando median cambios sustanciales que alteran significativamente las necesidades del alimentista y los recursos del alimentante.

La modificación periódica de las pensiones de los menores de edad y de los ascendientes de edad muy avanzada se rige por la legislación especial complementaria.

Es norma establecida que la cuantía de los alimentos debidos al mayor de edad debe ser proporcional a los recursos del alimentante y a las necesidades del alimentista, Artículo 665 del Código Civil de 2020 ,31 LPRA sec. 7561.[7] Del mismo modo, cuando la obligación alimentaria recae

---

[7] La cuantía de los alimentos debidos al mayor de edad debe ser proporcional a los recursos del alimentante y a las necesidades del alimentista.

sobre dos o más personas, el pago se reparte entre ellas en cantidad proporcional a sus respectivos caudales. Artículo 663 del Código Civil de 2020, 31 LPRA sec. 7546.[8]

**C.**

En lo referente a la fecha de efectividad de las reducciones de la cuantía de la obligación del pago de alimentos, el Código Civil de 2020 en su artículo 672, 31 LPRA sec. 7568, dispone que:

> El alimentante no puede reducir la cuantía de la obligación sin la autorización judicial.
> Sometida la solicitud de reducción y probados sus fundamentos, el tribunal dictará su resolución, desde cuya fecha será efectiva.

Relacionado a ello, nuestra más Alta Curia ha expresado que:

> [A]unque los alimentos se deben desde que se solicitan, como regla general, la fecha de efectividad de una rebaja en la pensión alimentaria deberá ser la del día en que se emite el dictamen que la autoriza. Sin embargo, hay situaciones en la que el foro de instancia retiene facultad para disponer distinto sobre la retroactividad de los decretos judiciales de reducción de pensiones alimentarias. Tales situaciones se refieren a casos extraordinarios de enfermedad, hospitalización, inconsciencia y, en general, cualquier evento constitutivo de fuerza mayor o de caso fortuito. Para tal eventualidad hay soluciones más prácticas, tales como congelar temporeramente la vigencia de la pensión total o parcial durante el período de tiempo de que se trate. Vázquez v. López, 160 DPR 714, 728 (2003). Véase, además, Ex Parte Valencia, 116 DPR 909, 914 (1986)*; Santiago, Maisonet v. Maisonet Correa,* 187 DPR 550 (2012).

## III. Aplicación del Derecho a los hechos

Los primeros tres errores señalados están íntimamente relacionados, de modo que son susceptibles de discusión en conjunto, y así obraremos. El peticionario aduce que incidió el TPI al distribuir entre los padres de la recurrida el pago de los alimentos de aquella en un 50% cada uno; al indicar que la cuantía "quedaba a su discreción"; y cuando aplicó al caso el artículo 665 del Código Civil de Puerto Rico, *supra,* en lugar del artículo

---

Al estimar los recursos de uno y de otro se toma en cuenta el patrimonio acumulado, el potencial de generar ingresos, los beneficios directos e indirectos que recibe de terceras personas, el perfil de sus gastos que no son indispensables y su estilo de vida.)

[8] Si la obligación alimentaria recae sobre dos o más personas, el pago se reparte entre ellas en cantidad proporcional a sus respectivos caudales. En caso de necesidad urgente o ante circunstancias especiales, el tribunal puede obligar a uno solo de ellos a que preste provisionalmente los alimentos y este tiene derecho, a su vez, a reclamar oportunamente de los demás obligados la parte que a ellos corresponda.

663 del Código Civil de Puerto Rico, *supra.* Es decir, sostiene que la determinación del foro de instancia es contraria al ordenamiento jurídico vigente, pues no responde al mandato sobre proporcionalidad ordenado por nuestro Código Civil, cuando impuso el pago de $480.00 mensuales, sin tomar en consideración los respectivos caudales de los padres alimentantes, tratándolos como si tuvieran ingresos iguales.

Iniciamos reiterando que el advenimiento a la mayoridad **no** implica la pérdida automática de la pensión alimentaria establecida mientras el alimentista era menor de edad. Sin embargo, también resulta claro que, acontecida la mayoridad, corresponde al ahora mayor de edad entablar una causa de acción para solicitar judicialmente a los progenitores el pago entre parientes, siempre y cuando se demuestre la necesidad de continuar recibiendo alimentos.

Así contextualizado el asunto ante nuestra consideración, no cabe duda que, las disposiciones del Código Civil de 2020, supra, mandan a que, determinado que un hijo advino a la mayoridad, la cuantía a pagarse entre parientes por dicho concepto deberá ser proporcional a la necesidad del alimentista y **los recursos del alimentante**. Art. 665 del Código Civil, supra. Esta obligación, **de ser compartida entre dos o más personas** será distribuida **de acuerdo con sus respectivos caudales**. Art. 663 del Código Civil, supra. De lo que se sigue que, al determinar la cuantía de los alimentos, el juzgador deberá dirigirse por **el principio de proporcionalidad** al asignar cuánto habrá de pagarse por las partes.

No hay controversia de que en este caso la recurrida advino a la mayoría de edad el 25 febrero de 2023, lo que dio lugar a que solicitara al Tribunal que su progenitor, el peticionario, continuara proveyéndole alimentos, pero ya no bajo el concepto de *alimentos del menor de edad*, Art. 666 del Código Civil de 2020, 31 LPRA sec. 7562, sino como *alimentos del mayor de edad*. Como se verá, para llevar tal ejercicio deliberativo, en la determinación la cuantía a pagar al mayor de edad, el Tribunal no podía

limitarse a examinar el caudal del progenitor, pues, en este caso, existían dos o más personas en las que recaía dicha responsabilidad, la madre de la recurrida, la señora Rosado Medina.

En el referido ejercicio deliberativo, los Artículos 663 y 665 del Código Civil de 2020, *supra,* requieren del Tribunal que, para determinar la cuantía de los alimentos a pagarse al mayor de edad, hay que tomar en consideración, en lo pertinente, que se distribuya de manera proporcional a los respectivos caudales de los alimentantes. Por esta consideración, la cuantía a imponerse a los alimentantes no parte de un ejercicio automático sobre su distribución, sino que atiende al requerimiento legislativo de distribuir el pago de alimentos de acuerdo y en proporción **al caudal de cada uno de los alimentantes**. Es decir, el pago a imponerse a cada alimentista en concepto de alimentos para el mayor de edad necesariamente será proporcional a los respectivos caudales.

A pesar de ello, al examinar la designación que hizo el foro recurrido sobre la cuantía a ser pagada en este caso por los padres alimentantes en favor de la recurrida, nos resulta evidente que no respondió o se tomó en consideración el principio de proporcionalidad discutido. Es decir, el TPI simplemente determinó que cada uno de los alimentantes pagaría el 50% de las necesidades que tenía la hija en común, y que resultaron probadas en la vista evidenciaria efectuada, sin prestar atención o considerar en la asignación de gastos a asumir por cada uno de estos, posibles diferencias en los caudales de los alimentantes. Según quedó establecido por las propias determinaciones de hechos alcanzadas por el TPI[9], existe una marcada diferencia entre los salarios del peticionario y la señora Rosado Medina, siendo los de la segunda mucho más altos que los del primero. Al así actuar el tribunal *a quo* incidió, los primeros tres señalamientos de error fueron cometidos.

---

[9] Anejo X del recurso de *certiorari*, incisos 17 y 18 de la *Resolución* recurrida, pág. 23.

Sin embargo, estamos convencidos de que el cuarto señalamiento de error no fue cometido por el foro recurrido. Según ya hemos identificado, a través de su último señalamiento de error el peticionario pretende retrotraer la eliminación del pago de la pensión alimentaria a la fecha en que presentó tal solicitud al Tribunal, el 1 de junio de 2023, o en su defecto, a la fecha del próximo señalamiento de vista, el 10 de julio de 2023.

Respecto a este particular, nuestro ordenamiento jurídico dispone que, para modificar o eliminar el pago de una pensión alimentaria judicialmente impuesta es necesario un dictamen judicial a esos efectos para que sea efectivo. Entonces, examinado el *Escrito en solicitud de eliminación de pensión alimentaria y otros asuntos,* instado por el peticionario ante el TPI el 1 de junio de 2023, lo cierto es que, a los pocos días, el 5 de junio próximo, dicho foro primario la declaró *No Ha Lugar*. Con tal actuación el foro primario se adhirió fielmente a la reiterada jurisprudencia que indica que la obligación de alimentar a los hijos que alcanzan la mayoridad no cesa automáticamente por efectos de la mayoridad. *Santiago, Maisonet v. Maisonet Correa*, supra; *Toro Sotomayor v. Colón Cruz*, supra; *Key Nieves v. Oyola Nieves,* supra.

De igual forma acertado juzgamos el curso decisorio del foro recurrido al no acceder a la solicitud del peticionario para retrotraer al 10 de julio de 2023, el pago de la pensión entre parientes impuesta. Primero, porque, a tal fecha no existía una determinación judicial que dispusiera tal solicitud del peticionario, ni resulta aparente alguna situación extraordinaria que justificara tal concesión en este caso. Es decir, no advertimos u observamos que se levantara alguna alegación, menos aún que fuera probada, la intervención de enfermedad, hospitalización o caso de fuerza mayor que justificara ordenar el efecto retroactivo sobre el pago de alimentos entre parientes, al día de dicho decreto judicial. *Vázquez v. López,* 160 DPR 714, 728 (2003). Visto lo cual, no observamos que

interviniera abuso de discreción en esta actuación del TPI, de modo que procede su confirmación. Reiteramos que, como regla general, la fecha de efectividad de una rebaja en la pensión alimentaria deberá ser la del día en que se emite el dictamen que la autoriza y lo mismo aplica a la eliminación del pago.

## IV. Parte dispositiva

Por los fundamentos expuestos, ordenamos la *Modificación* de la *Resolución* recurrida, a los únicos fines de que, a tono con lo aquí explicado, el TPI establezca el pago de alimentos por el peticionario y la señora Rosado Medina, de manera proporcional, para lo cual habrá de considerar los respectivos caudales. Con relación a cualquier otra determinación hecha por el foro recurrido mediante la *Resolución* recurrida, se *Confirma.*

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones