**PETRONA RAMÍREZ**, menor representada por su madre con patria potestad RAMONA RODRÍGUEZ, demandante y apelada. *v.* RAFAEL RAMÍREZ, demandado y apelante.

Núm. 7458.—*Sometido:* Marzo 17, 1938. *Resuelto:* Mayo 13, 1938.

*González Fagundo & González, Jr.,* abogados del apelante; *Faustino R. Aponte,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

Rafael Ramírez, luego de celebrarse la vista sobre una orden para mostrar causa, fué declarado culpable de desacato y sentenciado a pagar una multa de treinta dólares, o en su defecto a cumplir un día de cárcel por cada dólar que dejare de satisfacer. Los señalamientos primero y segundo alegan que se violaron los artículos 152, en su inciso segundo, y 160 del Código Civil, en relación con los artículos 56 y 57 del Código de Enjuiciamiento Civil y con el artículo 77 de la Ley de Procedimientos Legales Especiales.

 El artículo 152 del Código Civil provee:

"La patria potestad sobre los hijos legítimos no emancipados corresponde, en primer término, al padre, y en ausencia, impedimento legal o muerte de éste, a la madre.

"Los hijos ilegítimos, y los adoptivos menores de edad, estarán bajo la potestad del padre o de la madre que los haya reconocido o adoptado. Si ambos los hubieran reconocido o adoptado, será en ese caso aplicable lo dispuesto en el párrafo primero de este artículo."

Petrona Ramírez, hija natural reconocida de Rafael Ramírez, estuvo representada como demandante en el recurso que dió origen a este procedimiento, por su madre Ramona Rodríguez. La objeción que se hace bajo el primer señalamiento es que en ausencia de cualquier alegación relativa al reconocimiento de la menor por su madre, Ramona Rodríguez, el recurso, en la forma en que se instituyó, no puede prosperar.

El artículo 160 del Código Civil autoriza el nombramiento de un defensor judicial para que represente al menor en aquellos casos en que los intereses de dicho menor estén en conflicto con los de su padre o madre. Este artículo dispone:

"
. . . . . . . . . . .

"La corte de distrito, a petición del padre o de la madre, del mismo menor, del fiscal o de cualquiera persona capaz para comparecer en juicio, conferirá el nombramiento de defensor al pariente del menor a quien en su caso correspondería la tutela legítima, y a falta de éste, a otro pariente o a un extraño."

Los artículos 56 y 57 del Código de Enjuiciamiento Civil y el artículo 77 de la Ley de Procedimientos Legales Especiales, que ahora es el artículo 611 del Código de Enjuiciamiento Civil, edición de 1933, leen del modo siguiente:

"Artículo 56.—Cuando un menor, demente o persona incapacitada es parte en un litigio, deberá comparecer, bien por medio de su tutor general, o de un defensor nombrado por la corte que entienda en el asunto, en cada caso, o por el juez de la misma. El defensor puede ser nombrado en cualquier caso, cuando la corte que conoce del asunto, o el juez de la misma juzgare conveniente que el menor, demente o persona incapacitada sea representada por dicho defensor,

aun cuando tuviere tutor general y haya comparecido por medio de éste.

"Artículo 57.—Cuando se nombre defensor, el nombramiento deberá hacerse como sigue:

"1. Cuando el menor es demandante, a petición de éste, si tuviere catorce años cumplidos; y si tuviere menos edad, a petición de un pariente o amigo del menor.

"2. Cuando el menor es demandado, a petición del mismo, si tuviere catorce años cumplidos, y presentare dicha petición dentro de los diez días de hecha la citación; si fuere menor de catorce años o dejare de presentar la petición como queda dicho, entonces a solicitud de cualquiera otra parte en el litigio entablado, o de un pariente o amigo del menor.

"3. Cuando una persona demente o incapacitada fuere parte en una acción o procedimiento, a petición de un pariente o amigo de dicha persona demente o incapacitada, o de cualquiera otra de las partes en la acción o procedimiento.

"Artículo 611.—El nombramiento de defensor se hará siempre mediante petición, en la que se ha de consignar, bajo juramento, que el menor de que se trata se halla en en el caso previsto por el artículo 230 del Código Civil."

La médula del argumento del apelante bajo el segundo señalamiento es que: no se puede dictar sentencia en un procedimiento en que la parte demandante no está ante la corte; si Ramona Rodríguez no tenía la patria potestad, debió acudirse al procedimiento prescrito por el artículo 160 del Código Civil, suplementado como lo está por el artículo 77 de la Ley de Procedimientos Legales Especiales, que requiere una declaración jurada al efecto de que el menor de que se trata se halla en el caso previsto por el artículo 230 del Código Civil; los artículos 56 y 57 del Código de Enjuiciamiento Civil, en tanto en cuanto están en conflicto con el artículo 77 de la Ley de Procedimientos Legales Especiales, fueron derogados por este último; de acuerdo con el artículo 56 del Código de Enjuiciamiento Civil Petrona Ramírez debió haber comparecido por su tutor general o por un defensor judicial designado por la corte; la designación de un defensor judicial debe hacerse de conformidad con el inciso primero del

artículo 57; no puede hacerse en una sentencia dictada luego de haberse suscitado la cuestión, en un caso en que la menor está representada por una persona que no tiene la patria potestad y no es su defensora judicial.

El primer párrafo de la demanda en la causa original contenía la alegación de que la demandante Petrona Ramírez era una menor de doce años de edad que comparecía representada por su madre con patria potestad, Ramona Rodríguez, en cuya compañía ha vivido la demandante desde su nacimiento. El demandado negó la alegación de que Petrona Ramírez estuviera bajo la patria potestad de Ramona Rodríguez. La prueba aducida durante el juicio de este caso no está ante nos. De la sentencia se desprende que después que las partes habían terminado de presentar su prueba y sometido el caso, el juez de distrito designó a Ramona Rodríguez como defensora judicial de Petrona Ramírez, "en caso de que fuere necesario nombrar un defensor judicial." El demandado se anotó una excepción y la corte dictó sentencia en favor de la demandante.

La sentencia en el pleito original fué dictada el 20 de abril de 1936. El alegato del apelante en el recurso interpuesto contra la orden en el procedimiento de desacato fué radicado el 8 de marzo de 1937. De éste se desprende que una moción de reconsideración presentada contra la sentencia de abril 20, 1936, se hallaba aún pendiente en la corte de distrito. El presente recurso fué visto y sometido el 17 de marzo de 1938. No se desprende cuál es el estado actual del pleito original en la corte de distrito. Evidentemente el apelante tuvo tiempo suficiente para obtener una resolución sobre su moción para reconsiderar la sentencia dictada en el pleito original y para perfeccionar una apelación contra esa orden. Se desprende con igual claridad que no estamos en posición de determinar la regularidad o irregularidad de los procedimientos en dicho pleito. Las únicas partes de los autos en dicho procedimiento, anteriores a la institución de este recurso, son, la demanda, la contestación y la sentencia

a que ya nos hemos referido. El alegato del apelante deja de convencernos de que la corte de distrito, por carecer de jurisdicción en el pleito original, tampoco tenía jurisdicción para imponer la multa o en su defecto una pena de cárcel en el procedimiento de desacato.

La contención del apelante bajo el tercer señalamiento es que por haber estado enfermo, le había sido económicamente imposible depositar los siete dólares semanales requeridos por la sentencia dictada en el pleito original. El juez de distrito se negó a admitir como prueba una certificación médica en que un facultativo hacía constar que había examinado a Ramírez el 16 de marzo de 1936, lo había hallado sufriendo de hemoptisis con una ligera consolidación en la parénquima del pulmón izquierdo, y le aconsejó descansar en cama. No se señala como error la exclusión de este certificado. La alegación de Ramírez de que estaba física y económicamente incapacitado descansó en gran parte en su propio testimonio. Su declaración en torno a otras cuestiones fué contradicha de plano por Ramona Rodríguez. De la conclusión a que llegó el juez de distrito sobre la cuestión de desacato, así como de lo que él dijo al declarar sin lugar una moción para suspender el efecto de la orden de desacato por espacio de una semana, colegimos que el juez de distrito no fué muy impresionado por la declaración de Ramírez. Si ese testimonio era cierto, a Ramírez, desde luego, no debió habérsele declarado culpable de desacato. No hallamos un error tan manifiesto en la apreciación de la prueba que justifique la revocación.

*La sentencia apelada debe ser confirmada.*