CARMEN SOSA RODRÍGUEZ, demandante y recurrida, *v.* ALBERTO RIVAS SARIEGO, demandado y peticionario.

Número: O-75-467      Resuelto: 31 de diciembre de 1976

*Leonardo Llequis*, abogado del peticionario; *Félix A. Rodríguez Mejías* y *Carlos Colón Marchand*, abogados de la recurrida.

PER CURIAM: El 5 de marzo de 1975 la demandante presentó una moción de desacato contra el demandado por haber éste incumplido con la obligación impuéstale por el tribunal de instancia en dos casos civiles consolidados bajo el número RF-60-8411 consistente en el pago de la pensión alimenticia correspondiente a los tres hijos habidos en el matrimonio del demandado y la demandante. La obligación del demandado consistía en pagar $50 mensuales a cada uno de los tres hijos. El demandado contestó la moción alegando (1) que dos de sus hijos estaban emancipados por mayoría de edad y el tercero por razón de su ingreso en el servicio militar de los Estados Unidos; por cuya razón no venía obligado a pasarle alimentos; (2) que la demandante estaba impedida de reclamar las pensiones alimenticias de sus dos hijos mayores de edad y (3) que las reclamaciones que excedieran 5 años estaban prescritas.

El tribunal de instancia limitó las reclamaciones a los cinco años precedentes a la fecha de la moción de desacato a la luz de lo dispuesto en el Art. 1866 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 5296, retrotrayendo la deuda al 5 de marzo de 1970.

Concluyó el tribunal sentenciador que la hija Carmen

había cumplido los 21 años en 28 de septiembre de 1974 por lo que limitó la reclamación de ésta hasta esa fecha. El demandado adeudaba en su consecuencia 54 meses a razón de $50 mensuales para un total de $2,700. Concluyó además que la hija Rosario había comenzado a trabajar a fines de septiembre de 1974 desde cuya fecha no residía con la demandante, por lo que le reconoció una acreencia del demandado de $2,700 por 54 meses. Y, finalmente, reconoció que el hijo Alberto, quien entró al Ejército en agosto de 1974, cuando comenzó a tener ingresos propios, y quien advendrá a su mayoría de edad en febrero de 1977, tenía derecho a 53 mensualidades ascendentes a la suma de $2,650.00.

El demandado alegó que ha estado desempleado por algún tiempo en los últimos años, que a septiembre de 1975 (fecha de la vista) recibía $50 mensuales por desempleo, que se ha casado tres veces y es padre de 9 hijos (incluyendo los tres envueltos en este pleito) y que su actual esposa recibe ingresos de $550 mensuales. El tribunal concluyó, sin embargo, que no había presentado prueba suficiente para justificar su incumplimiento. También concluyó que el demandado nunca ha solicitado reajuste o relevo de su obligación en cuanto a la pensión alimenticia objeto de este pleito.

En vista de lo anterior el tribunal recurrido lo declaró incurso en desacato civil y ordenó su arresto y encarcelamiento hasta que éste hubiese pagado la deuda por concepto de las pensiones alimenticias atrasadas, cuya determinación quedó en suspenso a condición de que el demandado cumpliera con lo siguiente:

1. En o antes del día 15 de octubre de 1975 deposite en la Secretaría del Tribunal un abono a su deuda no menor de $2,000.

2. Pague el resto de lo adeudado, o sea, $6,050 a razón de $200 mensuales comenzando el día 1 de diciembre de 1975 hasta el total pago de lo adeudado.

3. Todo pago que haga el demandado deberá hacerlo en giro postal o cheque certificado a favor de la demandante, por conducto de la Secretaría de este Tribunal.

Impuso además la suma de $150 por concepto de honorarios de abogado.

Expedimos orden dirigida a las partes para que mostraran causa por la que no debía modificarse o revocarse la Orden recurrida y ordenamos que se elevaran los autos del caso civil RF-60-8411 para ser examinados en conexión con la orden de mostrar causa.

Compareció la recurrida a reafirmar su derecho a la pensión alimenticia para beneficio de sus tres hijos y acepta que la reclamación queda limitada a los cinco años anteriores a la fecha de la moción de desacato conforme lo determinó el tribunal. El peticionario sometió su recurso sin argumentación adicional.

Queda por resolver si la condena por desacato con la consiguiente orden de arresto y encarcelamiento del demandado debe prevalecer.

Hemos dicho que el Estado, y sus tribunales de justicia en tanto hablan por el Estado, y en su función de *parens patriae,* tienen un profundo interés público y social de que sus sentencias de alimentos a menores de edad sean cumplidas. *Guzmán Vega* v. *Piñero Piñero,* 91 D.P.R. 704 (1965). También hemos reiterado el poder de los tribunales de hacer cumplir sus sentencias, incluyendo los casos de pensiones alimenticias, a través del medio coercitivo de encarcelación. Véanse *Pérez* v. *Espinosa,* 75 D.P.R. 777, 781 (1954); *Ramírez* v. *Ramírez,* 53 D.P.R. 189, 193 (1938). El remedio de desacato lo aplican los tribunales en el ejercicio de su poder incidental para hacer cumplir sus órdenes y proporcionar al alimentista, sobre todo en caso de menores, a través de dicho medio coercitivo, la oportunidad de lograr el cumplimiento de la sentencia que le concede alimentos. Véase *Espinosa* v. *Ramírez, Alcaide de Cárcel,* 72 D.P.R. 901, 905. Dicho reme-

dio por ser de naturaleza reparadora y no punitiva [1] debe utilizarse con prudencia, por la privación de libertad que conlleva, y limitado a aquellos casos en que hubiere una desobediencia voluntaria y obstinada a una orden o sentencia concediendo alimentos y en que la continuada encarcelación del desacatador pueda surtir los efectos de dar al alimentista la reparación necesaria.

Un examen de los autos revela una conducta de morosidad de parte del demandado quien consistentemente ha incumplido, las menos de las veces en parte y casi siempre en su totalidad, con su obligación de satisfacer los alimentos que sus hijos han necesitado desde la fecha del divorcio en 1960. La demandante ha sobrellevado la carga con el fruto de su trabajo y en los últimos años con la ayuda de su nuevo esposo. En circunstancias normales no hubiéramos intervenido con la discreción del tribunal al condenar por desacato a un demandado que bien se lo merece por su actitud persistente de indiferencia, de injusticia y de insensibilidad hacia unas criaturas indefensas y desvalidas que resultan ser sus propios hijos, que de no haber sido por el amparo, calor y dedicación de la madre hubieran pasado hambre y miseria. Pero, tratándose de que las dos hijas Carmen y Rosario ya han alcanzado su mayoridad y ambas derivan ingresos de su trabajo, y que su hijo Alberto está en las fuerzas armadas y recibe también ingresos, no está presente la situación de que las alimentistas requieran alimentos inmediatos que justifique que el tribunal ejerza su poder de desacato. Por ello procede dejar sin efecto la condena por desacato contra el demandado, pero queda subsistente la obligación del pago de las sumas adeudadas determinadas por el tribunal de instancia, y el aumento de la cuantía de honorarios de $150 a $1,000 por la temeridad del demandado a lo largo del proce-

---

[1] Para una discusión de la diferencia entre el desacato civil y el desacato criminal, véase *Pérez* v. *Espinosa,* supra.

dimiento. Lo que aquí resolvemos no prejuzga el derecho que le pueda asistir a las dos hijas mayores de edad para reclamar alimentos de su padre si las circunstancias lo ameritaren; ni el derecho que pueda tener el hijo aun menor de edad hasta llegar a su mayoridad y aun luego de alcanzarla si las circunstancias lo justificaren. Ni la emancipación ni la mayoría de edad de los hijos relevan al padre de su obligación de alimentarles si aquellos lo necesitaren. Véanse Art. 150 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 569; Manresa, *Código Civil Español*, Tomo 1, págs. 791–792, ed. 1956.

*Se expedirá el auto a los únicos fines de modificar la Orden dictada por el Tribunal Superior, Sala de San Juan, de 1ro. de octubre de 1975, en el caso civil RF-60-8411, Carmen Sosa Rodríguez v. Alberto Rivas Sariego, para dejar sin efecto la condena por desacato contra el demandado y para aumentar los honorarios de abogado concedidos a la parte demandante a la suma de $1,000. Así modificada se confirmará.*