ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**

| | | |
|---|---|---|
| **DEBORAH GONZÁLEZ SAN PEDRO**<br>**RAFAEL ÁNGEL TIRADO VEGA**<br>**EX PARTE**<br>PETICIONARIA(S)-RECURRIDA(S)<br><br><br>**ANDREA VICTORIA TIRADO GONZÁLEZ**<br>PARTE INTERVENTORA | **KLAN202400687[1]** | *APELACIÓN*<br>procedente del Tribunal de Primera Instancia, Sala Superior de **BAYAMÓN**<br><br>Caso Núm.<br>**D DI2001-1072 (4001)**<br><br>Sobre:<br>Divorcio<br>(Alimentos entre Parientes) |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente.

### S E N T E N C I A

En San Juan, Puerto Rico, hoy día 7 de mayo de 2025.

Comparece ante este Tribunal de Apelaciones, la joven **ANDREA VICTORIA TIRADO GONZÁLEZ** (joven **TIRADO GONZÁLEZ**) mediante *Certiorari* interpuesto el 26 de junio de 2024. En su recurso, nos solicita que revisemos la *Resolución* promulgada el 26 de febrero de 2024 por el Tribunal de Primera Instancia (TPI), Sala Superior de Bayamón.[2] Mediante dicha decisión judicial, se dejó sin efecto la obligación de los alimentos entre parientes, ello, efectivo al semestre de agosto a diciembre de 2023 y prospectivamente.

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

### - I -

El 26 de abril de 2001, el foro primario dictó *Sentencia* sobre divorcio por la causal de mutuo consentimiento. En la misma, otorgó la custodia de la

---

[1] El 17 de julio de 2024, pronunciamos *Resolución* acogiendo el recurso de epígrafe como una apelación.

[2] Esta determinación judicial fue notificada y archivada en autos el 1 de marzo de 2024. Apéndice del *Certiorari*, págs. 1- 2.

hija menor de edad **AVTG**; estableció relaciones filiales; dispuso una pensión alimentaria; y decretó roto y disuelto el vínculo matrimonial entre las partes.

Años después, se emitió *Resolución* fijando una pensión alimentaria por la suma de $777.00 mensuales en beneficio de la menor **AVTG** a ser satisfecha por el señor **RAFAEL ÁNGEL TIRADO VEGA** (señor **TIRADO VEGA**).

Posteriormente, el 20 de enero de 2022, la joven **TIRADO GONZÁLEZ** alcanzó la mayoridad (cumplió sus 21 años). Ante ello, el 7 de febrero de 2022, el señor **TIRADO VEGA** presentó *Moción Solicitando Relevo de Pensión Alimenticia* al amparo del Artículo 653 del Código Civil de Puerto Rico de 2020.[3]

Luego de varios incidentes procesales, el 4 de octubre de 2022, los señores **TIRADO VEGA** y **GONZÁLEZ SAN PEDRO,** y la joven **TIRADO GONZÁLEZ** presentaron *Moción Solicitando Relevo de Pensión y Notificando Estipulación de Pensión entre Parientes*.[4] El 5 de octubre de 2022, se determinó *Resolución,* en la cual se le impartió la aprobación al acuerdo e impuso la cantidad de $777.00 mensuales en concepto de alimentos entre parientes.[5] Ello, para cubrir los gastos de vivienda, pago de utilidades, mantenimiento de vehículo de motor, gasolina, alimentos, libros, equipos electrónicos, materiales universitarios y vestimenta de la joven **TIRADO GONZÁLEZ**. Se puntualizó que, la joven **TIRADO GONZÁLEZ** proyectaba culminar sus estudios universitarios, conducentes a bachillerato en biología, en diciembre de 2023. Empero, reconocieron que referida proyección estaba sujeta a que no surgieran circunstancias fuera de la voluntad de las partes. Para la fecha del acuerdo, la

---

[3] **Artículo 653. — Contenido de la obligación alimentaria**. 31 LPRA § 7531.
Se entiende por alimentos todo lo que es indispensable para el sustento, la vivienda, la vestimenta, la recreación y la asistencia médica de una persona, según la posición social de su familia.
Cuando el alimentista es menor de edad, los alimentos comprenden también su educación, las atenciones de previsión acomodadas a los usos y a las circunstancias de su entorno familiar y social y los gastos extraordinarios para la atención de sus condiciones personales especiales.
[4] Apéndice del *Certiorari*, págs. 39- 47.
[5] *Íd*., págs. 48- 50.

joven **TIRADO GONZÁLEZ** cursaba el segundo semestre del segundo año en la Universidad Interamericana de Puerto Rico, Recinto de Bayamón.

El 23 de octubre de 2023, el señor **TIRADO VEGA** presentó una *Moción Solicitando Permiso para Asumir Representación Legal de Peticionario y Solicitud de Vista de Relevo de Pensión de Alimentos entre Parientes* suplicando el relevo efectivo al 13 de diciembre de 2023.[6] Después, el 9 de noviembre de 2023, el señor **TIRADO VEGA** presentó, por segunda ocasión, la moción antes mencionada, acompañada del Calendario Académico-Administrativo del Primer Semestre Agosto- Diciembre de 2023. Inmediatamente, el 17 de noviembre de 2023, se expidió *Orden* concediendo un término de diez (10) días a la joven **TIRADO GONZÁLEZ** para exponer su posición.[7] El 13 de diciembre de 2023, la joven **TIRADO GONZÁLEZ** presentó una *Moción en Cumplimiento de Orden* previniendo que no culminaría sus cursos universitarios en diciembre de 2023; aún le quedaba un (1) semestre de estudios; y había solicitado graduación para mayo de 2024.[8]

A los pocos días, el 20 de diciembre de 2023, el señor **TIRADO VEGA** presentó una *Moción Reiterando Solicitud de Relevo,* en la cual adujo que, la joven **TIRADO GONZÁLEZ** había incumplido con el término concedido mediante la *Orden* de 17 de noviembre de 2023.[9] En la misma fecha, se decretó *Orden* concediendo veinte (20) días a la joven **TIRADO GONZÁLEZ** "para acreditar, mediante certificación a esos efectos, las razones que motivaron el retraso en la fecha de graduación proyectada"[10] El 26 de diciembre de 2023, la joven **TIRADO GONZÁLEZ** presentó una *Moción Informativa sobre Notificación de Moción y Segunda Oposición a Solicitud de Relevo.*[11]

Más tarde, el 16 de enero de 2024, la joven **TIRADO GONZÁLEZ** presentó *Moción en Cumplimiento de Orden* revelando las razones del retraso en la

---

[6] Apéndice del *Certiorari*, págs. 51- 55.
[7] *Íd.*, pág. 56.
[8] *Íd.*, págs. 57- 61.
[9] *Íd.*, págs. 62- 63.
[10] Apéndice del *Certiorari*, págs. 65- 66.
[11] *Íd.*, pág. 64.

fecha de graduación proyectada.[12] En síntesis, adujo que por motivo y/o consecuencia de su trastorno de déficit de atención con hiperactividad, dislexia, disgrafia y problemas específicos de aprendizaje; y la falta de disponibilidad de ciertos cursos, así como la dificultad de ciertas materias que tuvo que retomar, se retrasó en la fecha de graduación proyectada. Acompañó varios documentos, entre ellos: *Transcripción de Créditos* de 18 de octubre de 2023; *Evaluación Psicoeducativa* firmada el 18 de noviembre de 2016; *Solicitud de Acomodo Razonable* suscrita por la Psicóloga María Cristina Agrait; *Certificación de Estudiante Regular* fechado 11 de enero de 2024; *Notas Finales* del semestre de agosto a diciembre de 2023; e *Informar o Cambiar la Fecha de Graduación* suscrita el 23 de octubre de 2023.

Seguidamente, el 22 de enero de 2024, el señor **TIRADO VEGA** presentó *Réplica a "Moción en Cumplimiento de Orden" y Reiterando Solicitud de Relevo* en la cual razonó que, la joven **TIRADO GONZÁLEZ**: (1) no cursó estudios universitarios durante un periodo de tiempo y, por lo tanto, tampoco utilizó los dineros que se pagaron de pensión; o (2) la transcripción de créditos no le había llegado al momento de la radicación de la moción.[13]

El 31 de enero de 2024, mediante *Orden* se le concedió un término de diez (10) días a la joven **TIRADO GONZÁLEZ** "para acreditar que cursó estudios durante el semestre de agosto a diciembre de 2023" mediante certificación de la institución educativa con el desglose y costo por clase.[14] Así las cosas, el 26 de febrero de 2024, se prescribió la *Resolución* apelada.

En desacuerdo con ese proceder, el 11 de marzo de 2024, la joven **TIRADO VEGA** presentó *Moción Solicitando Reconsideración*.[15] Puntualizó haber cumplido a cabalidad con los requerimientos judiciales y presentado toda la evidencia acreditativa de sus estudios universitarios. Finalmente, el 21

---

[12] Apéndice del *Certiorari*, págs. 67- 68.
[13] *Íd.*, págs. 69- 71.
[14] *Íd.*, págs. 72- 73.
[15] *Íd.*, págs. 3- 36.

de mayo de 2024, se decidió *Resolución* declarando no ha lugar la solicitud de reconsideración.[16]

Inconforme aún, la joven **TIRADO GONZÁLEZ** acudió ante nos mediante un escrito intitulado *Certiorari* señalando el(los) siguiente(s) error(es):

> Erró el TPI al no acoger la Moción de Reconsideración y por ende dejar sin efecto la Resolución dictada el 26 de febrero de 2024[,] notificada el 1ero de marzo de 2024[,] y en su consecuencia, ordenar la continuación de la pensión entre parientes hasta mayo de 2024[,] luego de haberse evidenciado que la interventora había cursado y aprobado estudios según el acuerdo y su fecha para culminar los estudios ser[í]a mayo de 2024.

> Erró el TPI al no acoger la Moción de Reconsideración y por ende dejar sin efecto la Resolución dictada el 26 de febrero de 2024[,] notificada el 1ero de marzo de 2024[,] y en su consecuencia, ordenar la continuación de la pensión entre parientes hasta mayo de 2024[,] luego de haberse evidenciado que la interventora se encontraba cursando estudios a tiempo completo para el semestre de enero a mayo de 2024.

> Erró el TPI al no acoger la Moción de Reconsideración y ordenar la continuación de la pensión entre parientes hasta mayo o junio de 2024.

> Erró el TPI al no acoger la Moción de Reconsideración [d]escartando la evidencia sometida por la interventora en su reconsideración sobre la solicitud de admisión para el Programa de Maestría en Biología con especialización en Ciencias Ambientales y Ecológicas de la Universidad Interamericana de Puerto Rico Recinto de Bayamón.

> Erró el TPI al no acoger la Moción de Reconsideración, dejando sin efecto la estipulación firmada entre las partes y aprobado mediante Resolución del 5 de octubre de 2022[,] archivada en autos el 11 de octubre de 2022, siendo la misma final y firme.

> Erró el TPI al no acoger la Moción de Reconsideración, dejando sin efecto la estipulación firmada entre las partes y aprobado mediante Resolución del 5 de octubre de 2022[,] archivada en autos el 11 de octubre de 2022[,] enmendando retroactivamente el acuerdo.

> Erró el TPI al no acoger la Moción de Reconsideración, dejando sin efecto la estipulación firmada entre las partes, y aprobado mediante Resolución del 5 de octubre de 2022[,] archivada en autos el 11 de octubre de 2022, siendo la misma final y firme desproveyendo [a la] interventora de alimentos entre parientes en contra de lo dispuesto por el Código Civil 2020 y la jurisprudencia aplicable.

> Erró el TPI al no acoger la Moción de Reconsideración, dejando sin efecto la estipulación firmada entre las partes, y aprobado mediante Resolución del 5 de octubre de 2022[,]

---

[16] Apéndice del *Certiorari*, págs. 37- 38.

archivada en autos el 11 de octubre de 2022[,] elimina[n]do la pensión entre parientes de manera retroactiva de agosto a diciembre de 2023.

El 28 de junio de 2024, intimamos *Resolución* en la cual, entre otras cosas, concedimos un plazo de diez (10) días para mostrar causa por la cual no debíamos expedir el auto de *certiorari* y revocar el dictamen impugnado. Ulteriormente, el 2 de octubre de 2024, el señor **TIRADO VEGA** presentó su *Alegato del Apelado*.

Evaluado concienzudamente el expediente del caso, y contando con el beneficio de la comparecencia de ambas partes, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

- II -

- A - *Alimentos*

En nuestra *Carta Magna* está consagrado el derecho a la vida como un derecho fundamental del ser humano.[17] En conformidad a este principio, nuestro Foro Máximo ha expresado que la obligación de los progenitores de proveer alimentos a sus hijos menores de edad es de índole constitucional y parte esencial del derecho a la vida.[18] Por ende, tratándose de un derecho de tan alto interés público, el Estado, como parte de su política pública, ha legislado ampliamente para velar por su cumplimiento.[19] Se ocupan de tales asuntos, por ejemplo, la *Ley Orgánica de la Administración para el Sustento de Menores*, y las *Guías para Determinar y Modificar Pensiones Alimentarias en Puerto Rico*.[20]

Igualmente, el Artículo 653 del Código Civil de Puerto Rico de 2020, instituye que se entiende por *alimentos* todo lo que es indispensable para el

---

[17] Art. II, Sec. 7, Const. ELA, LPRA, Tomo I.
[18] *Martínez v. Rodríguez*, 160 DPR 145, 151 (2006); *Maldonado v. Cruz*, 161 DPR 1, 12 (2004).
[19] *Torres Rodríguez v. Carrasquillo Nieves*, 177 DPR 728 (2009).
[20] Ley Núm. 5- 1986, según enmendada por la Ley 178–2003, la Ley 182-2015 y la Ley 139-2020, 8 LPRA § 501 et seq. Reglamento Núm. 8529, según enmendado. El 15 de febrero de 2024, se aprobaron las *Guías Mandatorias para Fijar y Modificar Pensiones Alimentarias en Puerto Rico*, Reglamento Núm. 9535.

sustento, la vivienda, la vestimenta, la recreación y la asistencia médica de una persona, según la posición social de su familia.[21]

También se ha denotado que el hecho de que los hijos puedan comparecer a reclamar *alimentos*, aun luego de alcanzar la mayoridad, obedece a que la obligación de alimentarlos no cesa automáticamente porque estos hayan cumplido veintiún (21) años.[22] En otras palabras, la emancipación por mayoría de edad no apareja *ipso facto* la pérdida del derecho a reclamar *alimentos* de los progenitores, pues siempre subsistirá la obligación que emana del Artículo 658 del Código Civil de Puerto Rico de 2020, que atiende las necesidades alimentarias entre parientes.[23] De manera que, una vez determinada una *pensión alimentaria*, ni la emancipación, ni la mayoría de edad de los hijos relevan al progenitor de su obligación de alimentarles si aquellos lo necesitaren.[24]

En *Argüello v. Argüello*, el Máximo Foro afirmó que el deber del alimentante de proveer los medios necesarios para la educación de un hijo no culmina, sin más, porque el hijo hubiese alcanzado la mayoría de edad. Concretamente, en los casos en que el menor ha comenzado los estudios universitarios **durante su minoridad**, nuestra última instancia judicial ha instaurado que:[25]

> ... al menos en cuanto a los estudios de bachillerato...cuando un hijo "se ha iniciado en un oficio o carrera durante la minoridad, tiene derecho a exigir que el alimentante le provea los medios para terminarlo, aun después de haber llegado a la mayoridad".[26]

En ese sentido, con la aprobación del Código Civil de Puerto Rico de 2020 fueron incorporados varios artículos, que resultan de suma importancia para el estado de derecho actual, respecto a la dilucidación de pensiones alimentarias en casos donde el alimentista adviene a la mayoridad mientras

---

[21] 31 LPRA § 7531.
[22] *Santiago, Maisonet v. Maisonet Correa*, 187 DPR 550, 573 (2012); *Toro Sotomayor v. Colón Cruz*, 176 DPR 528 (2009); *Key Nieves v. Oyola Nieves*, 116 DPR 261, 266 (1985).
[23] 31 LPRA sec. 7541. *Santiago, Maisonet v. Maisonet Correa, supra*, pág. 573.
[24] *Rivera et al. v. Villafañe González*, 186 DPR 289, 293 (2012); *Sosa Rodríguez v. Rivas Sariego*, 105 DPR 518, 523 (1976).
[25] (énfasis nuestro).
[26] 155 DPR 62 (2001).

aun cursa estudios. Por ejemplo, el Artículo 655 del Código Civil de Puerto Rico de 2020 dispone:[27]

> Si el alimentista alcanza la mayoridad mientras cursa **ininterrumpidamente** estudios profesionales o vocacionales, la obligación de alimentarlo se extiende hasta que **obtenga el grado o título académico o técnico correspondiente o hasta que alcance los veinticinco (25) años de edad**, lo que ocurra primero, a discreción del juzgador y dependiendo las circunstancias particulares de cada caso.
> El tribunal, en atención a las habilidades personales, el potencial de desarrollo y el aprovechamiento académico del alimentista, puede establecer la cuantía, el modo y el plazo de la obligación.

Ahora bien, es norma apuntalada que la cuantía de los alimentos para un hijo mayor de edad debe ser proporcional a los recursos del alimentante y a las necesidades del alimentista.[28] Del mismo modo, cuando la obligación alimentaria recae sobre dos (2) o más personas, el pago se reparte entre ellas en cantidad proporcional a sus respectivos caudales.[29]

### - B- *Estipulaciones*

"Las estipulaciones suscritas por las partes contenidas en una petición de divorcio por la causal de consentimiento mutuo constituyen un contrato de transacción judicial que las obliga".[30] Para que una estipulación en un proceso de divorcio se considere una transacción judicial, esta debe poner fin a un litigio mediante concesiones recíprocas de las partes, elemento esencial de un contrato de transacción.[31] "Ello, pues un contrato de transacción es un acuerdo mediante el cual las partes, dando, prometiendo o reteniendo cada una alguna cosa, evitan la provocación de un pleito o ponen fin a uno ya comenzado, con el propósito de evitar los pesares que conllevaría un litigio".[32] En palabras sencillas, mediante las estipulaciones, las partes ponen fin a una acción e incorporan unos acuerdos al proceso judicial en curso. Como regla general, el tribunal aceptará los convenios y las estipulaciones a las cuales las partes lleguen para finalizar un pleito, y este acuerdo tendrá

---

[27] 31 LPRA § 7533.
[28] Artículo 665 del Código Civil de Puerto Rico de 2020 31 LPRA § 7561.
[29] Artículo 663 del Código Civil de Puerto Rico de 2020, 31 LPRA § 7546.
[30] *Díaz Rodríguez v. García Neris*, 208 DPR 706 (2022).
[31] *Betancourt González v. Pastrana Santiago*, 200 DPR 169, 184 (2018).
[32] *Mun. de San Juan v. Prof. Research*, 171 DPR 219, 238 (2007).

efecto de cosa juzgada entre las partes.[33] Empero, en lo concerniente a las estipulaciones sobre alimentos entre parientes estas no constituyen cosa juzgada y están sujetas a revisión. Por consiguiente, la pensión alimentaria acordada por las partes y aceptada por el tribunal mediante estipulación técnicamente puede ser modificada cuando existe un cambio sustancial en las circunstancias que originaron el convenio.[34]

- III -

En el presente caso, los señalamientos de error esbozados por la joven TIRADO GONZÁLEZ van dirigidos, en términos generales, a cuestionar la denegatoria de su *Moción Solicitando Reconsideración*, por lo que, procederemos a discutirlos en conjunto.

En sinopsis, la joven TIRADO GONZÁLEZ punteó que erró el foro apelado al denegar su *Moción Solicitando Reconsideración,* cuya consecuencia fue privarle desde agosto 2023 de sus alimentos entre parientes utilizando como subterfugio la alegada falta de cumplimiento con las órdenes dictadas. Añadió que, la evidencia que presentó refleja su buen aprovechamiento académico, por lo que, se justifica la extensión de la obligación alimentaria para el semestre enero a mayo 2024, semestre en el cual completó un Bachillerato en Ciencias Marinas, graduándose el 18 de junio de 2024.[35] Asimismo, reflexionó que la determinación judicial dejó sin efecto las estipulaciones concertadas entre las partes y ello es contrario al estado de derecho de nuestra jurisdicción.

Por su parte, el señor TIRADO VEGA razonó que, el pago mensual de $777.00 dólares acordado entre las partes y aceptado por el tribunal el 11 de octubre de 2022, no incluía necesariamente el pago de estudios universitarios. De igual manera, aludió que la prueba presentada por la joven

---

[33] *Díaz Rodríguez v. García Neris, supra.*
[34] *Íd.*, pág. 722.
[35] La joven **Tirado González** se graduó con un promedio de 3.16 y se encontraba en trámites de solicitud para realizar una Maestría en Biología con especialización en Ciencias Ambientales y Ecológicas.

**TIRADO GONZÁLEZ** muestra que no existe ni existió una necesidad económica real, pues la *FAFSA* sufragaba sus estudios en su totalidad. Añadió que la joven **TIRADO GONZÁLEZ** reiteradamente incumplió con las órdenes del tribunal y, a su vez, con los acuerdos alcanzados en las estipulaciones. Motivó su posición en el hecho de que le solicitó en varias ocasiones las calificaciones y no se las suplieron. Igualmente, argumentó que la joven **TIRADO GONZÁLEZ** *unilateralmente* peticionó su graduación para el semestre de enero a mayo 2024, debido a que se había dado de baja en, al menos, tres (3) clases por notas deficientes.

Nuestro Tribunal Supremo ha expresado en reiteradas ocasiones que:

La desestimación de un pleito, sin ir a sus méritos, como un medio de sanción debe ser de los últimos recursos a utilizar después que otras sanciones hayan probado ser ineficaces en el orden de administrar justicia y, en todo caso, no debería procederse a ella sin un apercibimiento previo. Sanciones como la desestimación de un pleito o la eliminación de las alegaciones son medidas drásticas que chocan con la política pública a favor de que los casos se ventilen en sus méritos. Estas no deben imponerse sin antes notificar directamente a la parte litigante de los incumplimientos de su representación legal.[36]

Por consiguiente, privar a la joven **TIRADO GONZÁLEZ** de sus alimentos desde agosto 2023 y prospectivamente, por el alegado incumplimiento con las órdenes fue una decisión abrupta. En su lugar, debió mediar una sanción *menos drástica* antes de llegar a esa determinación. Inclusive, tal desenlace provocó dejar sin efecto los acuerdos alcanzados entre las partes y acogidos por el tribunal en la *Resolución* de 30 de noviembre de 2022 con la finalidad de satisfacer adecuadamente las necesidades de la joven **TIRADO GONZÁLEZ** y el señor **TIRADO VEGA** aceptó contar con los medios económicos necesarios para su cumplimiento.

Ahora bien, en el caso de marras, el señor **TIRADO VEGA** infiere que la joven **TIRADO GONZÁLEZ,** su hija, decidió *unilateralmente* y por capricho, atrasarse en sus estudios universitarios; y tal acción contravino las estipulaciones, por lo que, procedía el relevo de los alimentos entre parientes.

---

[36] *HRS Erase v. CMT*, 205 DPR 689 (2020).

Lo cierto es que la joven **TIRADO GONZÁLEZ** enfrentó circunstancias personales y ajenas a su voluntad que incidieron directa o indirectamente en la culminación de sus estudios en diciembre de 2023. Más, el acuerdo explícitamente expresa:

> Las partes han acordado que el Peticionado, Rafael Ángel Tirado Vega[,] pagará la suma de $777.00 mensuales por concepto de pensión entre parientes, para beneficio de su hija e interventora Andrea Tirado González... La interventora Andrea Tirado González tiene pautado la culminación de sus estudios concluyentes al bachillerato en biología en diciembre de 2023. No obstante, **las partes reconoce[n] dicha proyección** esta sujeta a que no surjan circunstancias fuera de la voluntad de las partes que impidan la culminación en el tiempo indicado, las cuales incluyen, pero no se limitan: fenómenos atmosféricos, pandemia, enfermedad de la Interventora, incapacidad de la Interventora, accidente, cancelación de cursos, cierre universitario etc. De ocurrir uno o más de estas causas que impidan la culminación del bachillerato en el término indicado no implica la pérdida automática del derecho de la Interventora y el Peticionado no podrá descontinuar los pagos aquí acordados sin autorización previa del Tribunal con competencia.[37]

Es decir, desde un inicio, el señor **TIRADO VEGA** tuvo conocimiento de que, a pesar, de que la joven **TIRADO GONZÁLEZ** concibió terminar en diciembre 2023, la realidad es que son eventos futuros e inciertos los que pueden variar, por lo que, son meras proyecciones.[38] Además, la joven **TIRADO GONZÁLEZ** cursó sus estudios universitarios de manera **ininterrumpida** y presentó los siguientes documentos que lo evidencian: (a) Transcripción de Crédito; (b) Notas del semestre de agosto a diciembre de 2023; (c) Solicitud de Graduación Mayo 2024; y (d) Evaluación Psicoeducativa y Certificación de Acomodo Razonable (2016); que lo confirman.

De hecho, nos resulta difícil concebir la idea de que el señor **TIRADO VEGA** expusiera en su *Alegato del Apelado* que la joven **TIRADO GONZÁLEZ** trajo a colación por **primera vez** sus padecimientos cognitivos para justificar su atraso en culminar sus estudios universitarios, cuando el expediente contiene una *Evaluación Psicoeducativa* efectuada en noviembre de 2016 (a esa fecha,

---

[37] Apéndice del *Certiorari*, págs. 41– 42.
[38] "**Proyección**" proviene del infinitivo "**proyectar**", vocablo que se define por la Real Academia Española (RAE) como: "**idear**, **trazar** o **proponer el plan** y los medios para la ejecución de algo." Refiérase a: https://dle.rae.es/proyectar. (énfasis nuestro).

la joven **TIRADO GONZÁLEZ** tendría quince años) que acompañó la *Moción en Cumplimiento de Orden* presentada el 16 de enero de 2024.[39] Vale decir, que el señor **TIRADO VEGA** razonablemente debió conocer las condiciones de la joven **TIRADO GONZÁLEZ.** En conclusión, el foro apelado incidió en los errores señalados al privar a la joven **TIRADO GONZÁLEZ** de su derecho a alimentos pese a ésta haber cumplido cabalmente, mediante evidencia acreditativa de todo lo concerniente a sus estudios universitarios, con lo requerido en los dictámenes judiciales.

- **IV** -

Por los fundamentos que anteceden, ***revocamos*** la *Resolución* prescrita el 26 de febrero de 2024 por el Tribunal de Primera Instancia, Sala de Relaciones de Familia y Asuntos de Menores de Bayamón; y ***ordenamos*** al señor **RAFAEL TIRADO VEGA** sufragar el pago de los $777.00 mensuales, por concepto de alimentos entre parientes para los meses de **agosto 2023 hasta mayo 2024,** a favor de la joven **TIRADO GONZÁLEZ**. Dicha deuda alimentaria asciende a la cantidad de **$7,770.00** que deberá satisfacerse de inmediato.

Lo acordó el Tribunal, y lo certifica la Secretaría del Tribunal de Apelaciones.

**Notifíquese inmediatamente**.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[39] La aludida *Evaluación Psicoeducativa* refleja que la joven **Tirado González** padece de un Trastorno de Déficit Atención con Hiperactividad, Dislexia y problemas específicos de aprendizaje. Apéndice del *Certiorari*, págs. 10- 16.